HORVATH, APPELLEE, *v.*
CONNOR, ADMR., BUREAU OF
WORKERS' COMPENSATION,
APPELLANT, ET AL.

(No. 9-298—Decided December 12, 1983.)

*Mr. Lorry R. Bleiweiss,* for appellee.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Mark E. Mastrangelo,* for appellant.

FORD, J. This is an appeal from a decision of the Lake County Court of Common Pleas. Defendant-appellant, Raymond A. Connor, is the Administrator of the Bureau of Workers' Compensation; the employer is the Light Alloy Manufacturing Company. Plaintiff-appellee is Margaret L. Horvath, a widow-claimant under the Workers' Compensation Act.

On October 13, 1977, appellee's husband (Joseph P. Horvath) died. Her complaint alleges that his death was caused by silicosis contracted in the scope of his employment at Light Alloy Manufacturing Company.

At the time of appellee's husband's death, R.C. 4123.85 stated that all claims for death benefits arising from occupational diseases were "forever barred" unless filed within two years of the employee's date of death. However, R.C. 4123.68(Y) *specifically* provided (see 136 Ohio Laws, Part II, 2917, 2937-2938) that dependents claiming death benefits from death caused by silicosis were "forever barred" unless a claim was filed within six months of the date of death. Effective January 1, 1979, the legislature amended R.C. 4123.68(Y) (see 137 Ohio Laws, Part II, 3934, 3958-3959) by deleting the provision requiring death claimants to file within six months after the date of death.

On October 11, 1979, appellee filed an application for death benefits claiming silicosis as the cause of death. On October 16, 1980, the district hearing officer denied appellee's claim for the reason that it had not been filed within six months of her husband's death. This decision was affirmed by the Regional Board of Review and the Industrial Commission.

On appeal to the court of common pleas, the administrator moved to dismiss the appeal. This motion was denied. The court ruled that the claim had been timely filed and that:

"* * * [I]t is therefore ordered and adjudged that the claimant is entitled to participate in the State Insurance Fund *providing her silicosis occupational disease death claim is otherwise allowable.*" (Emphasis added.)

Appellant presents three assignments of error:

"1. The trial court committed prejudicial error by not granting defendant-appellant's motion to dismiss.

"2. The trial court committed prejudicial error by granting plaintiff-appellee the right to participate in the state insurance fund absent proof of a direct casual [*sic*] relationship between the alleged disease and the resulting disability.

"3. Where the Industrial Commission denies the plaintiff-appellee's claim solely on the basis of a statute of limitations, the only issue before the trial court is the validity of the Industrial Commission's ruling and not the factual issues regarding compensability of an alleged occupational disease."

Appellant's first assignment of error is well-taken.

Repeal of the six-month filing requirement in R.C. 4123.68(Y) did not extend the time available to appellee for filing because an amendment to a statute does not make the prior effect of the statute's operation invalid. R.C. 1.58 states the applicable rule that:

"(A) The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section:

"(1) Affect the prior operation of the statute or any prior action taken thereunder;

"* * *

"(3) Affect any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal;

"* * *

"(B) If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, *if not already imposed,* shall be imposed according to the statute as amended." (Emphasis added.)

In the instant case, at the time appellee's husband died, R.C. 4123.68(Y) stated that her claim for death benefits would be "forever barred" unless filed within six months after his death. Thus, when the six-month time limit expired, any right of appellee to benefits under the Workers' Compensation Act was forfeited. Since R.C. 1.58 specifically states that forfeitures already imposed by a statute are not affected by subsequent amendments, repeal of the six-month time limit at a later date did not affect appellee's prior forfeiture. Hence, the trial court erred in finding appellee's claim to be timely filed.

Further support for this proposition can be found from two sources. First, when R.C. 1.58 was passed, the legislature simultaneously (see 134 Ohio Laws, Part II, 2108, 2113) repealed R.C. 1.20 which provided, in part, that:

"* * * When the repeal or amendment relates to the remedy, it does not affect *pending* actions, prosecutions, or proceedings, unless so expressed, nor does any repeal or amendment affect *causes* of such action, prosecution, or proceeding, *existing* at the time of such amendment or repeal, * * *." (Emphasis added.)

Thus, the legislature clearly evidenced an intention to prevent retroactive application of amendments to statutes based upon distinctions between procedure, substance and remedy. See *Gregory* v. *Flowers* (1972), 32 Ohio St. 2d 48, at 56-57 [61 O.O.2d 295]. Second, in *Pittsburg, Cincinnati & St. Louis Ry. Co.* v. *Hine* (1874), 25 Ohio St. 629, the court held that an amendment to a statute eliminating all time limits for the filing of wrongful death claims did not revive the claim of a plaintiff who had been previously barred by the tolling of the statute. Although not based upon the Workers' Compensation Act, the principles enunciated by the *Hine* case are particularly applicable to the instant case because the court based much of its reasoning upon the fact that wrongful death claims (like workers' compensation claims) were solely of statutory origin. *Ham* v. *Kunzi* (1897), 56 Ohio St. 531, is in accord with this principle of statutory construction regarding statutes of limitations. Thus, in addition to the express provisions of R.C. 1.58, the case law supports the conclusion that appellee's case should have been dismissed.

If the court finds that appellee's claim was not timely filed, appellant's second and third assignments of error are moot. If the claim was timely filed, appellant's second and third assignments of error are without merit.

Appellant's contentions that the trial court erred in awarding benefits to appellee is not demonstrated by the record. The judgment of the trial court merely stated that appellee's claim was timely filed and that she would be "entitled to participate in the State Insurance Fund providing her silicosis occupational disease death claim is *otherwise allowable*" (emphasis added). Clearly, the trial court did not award any benefits to appellee; and, pursuant to R.C. 4123.519 and 4123.52, the court was remanding the case to the jurisdiction of the Industrial Commission for further proceedings. Appellant's arguments that the trial court lacked jurisdiction to make an award of benefits and that the trial court acted upon insufficient evidence are therefore not demonstrated by the record and, pursuant to App. R. 12(A), may be disregarded by this court.

The judgment of the trial court is reversed, and judgment of dismissal is entered in favor of appellant.

*Judgment reversed.*

COOK, P.J., concurs.

DAHLING, J., dissents.