OPINION
Appellants George R. Krupar and David R. McCulley appeal a judgment of the Guernsey County Common Pleas Court dismissing their complaint against appellee Centria Partnership.
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO DISMISS BY FAILING TO APPLY THE LIBERAL NOTICE PLEADING STANDARDS OF OHIO RULE OF CIVIL PROCEDURE 8.
 II. THE TRIAL COURT ERRED IN APPLYING THE 180 DAY STATUTE OF LIMITATIONS TO APPELLANT'S AGE DISCRIMINAITION [SIC] CLAIMS PURSUANT TO OHIO REVISED CODE SECTIONS.
 III. ASSUMING ARGUENDO, THAT THE COURT APPLIED THE APPROPRIATE STATUTE OF LIMITATIONS TO APPELLANT'S AGE DISCRIMINATION CLAIMS, THE TRIAL COURT ERRED IN NOT ALLOWING THE APPELLANT'S TO PROCEED WITH THEIR AGE DISCRIMINAITON [SIC] CLAIMS PREMISED ON THE PUBLIC POLICY CASE LAW EXCEPTIONS.
On June 15, 1998, appellants filed a complaint in Guernsey County Common Pleas Court seeking damages from appellee for intentional infliction of emotional distress and age discrimination pursuant to R.C. 4112.02 (A) and (N). Appellants alleged in their complaint that appellee unlawfully terminated their employment effective December 31, 1996, based on their age. As to their claim of intentional infliction of emotional distress, appellants alleged that appellee's termination caused injury to them in the form of embarrassment, mental anguish, loss of reputation, loss of self esteem, harm to their relationships with their families, and other emotional distress. They also alleged that appellee's actions caused them physical injury in the form of other adverse health effects. On August 14, 1998, appellee filed a motion to dismiss the complaint pursuant to Civ.R. 12 (B) (6). Appellee argued that appellants' claims of age discrimination were barred by the 180-day statute of limitations pursuant to R.C. 4112.02 (N), that was applicable at the time the claims arose. Appellee further argued that appellants failed to allege on the face of their complaint facts sufficient to establish the requisite outrageous conduct necessary to plead a cause of action for intentional infliction of emotional distress. The court granted the motion to dismiss.
 I
Appellants argue that the trial court erred in dismissing their claim of intentional infliction of emotional distress, as the court failed to adhere to the liberal notice pleading requirements of Civ.R. 8. In addition to arguing that they have properly set forth a claim for intentional infliction of emotional distress, appellants argue that Civ.R. 12 (B) (6) is incompatible with Civ.R. 8. Civ.R. 12 (B) (6) is not incompatible with Civ.R. 8. A court may dismiss a complaint pursuant to Civ.R. 12 (B) (6) only when it is beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. O'Brien v. University Community Tenants Union, Inc. (1975),42 Ohio St.2d 242. A plaintiff is not required to prove his or her case at the pleadings stage, as long as the complaint asserts facts which, if true, are sufficient to state a claim for relief. York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143. This standard for granting a Civ. 12 (B) (6) motion is in accord with the notice pleading requirement of the Ohio Rules of Civil Procedure. Jackson v. Glidden Company (1995), 98 Ohio App.3d 100,104. To state a claim for intentional infliction of emotional distress, appellants must be able to establish that: (1) appellee either intended to cause emotional distress, or knew or should have known that its actions would result in serious emotional distress; (2) appellee's conduct was so extreme and outrageous as to go beyond all possible bounds of decency, and would be considered utterly intolerable in a civilized community; (3) appellee's actions proximately caused injury to appellants; and (4) the mental anguish appellants suffered is serious and of such a nature that no reasonable person could be expected to endure. Ashcroft v. Mt. Sinai Medical Center (1990), 68 Ohio App.3d 359. It is not enough the defendant has acted with an intent which is tortious or even criminal, or that his conduct has been characterized by malice, or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Yeager v. Local Union 20 (1983), 6 Ohio St.3d 369, 374-75. Liability lies only where the conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency. Id. In Leonardi v. Lawrence Industries (September 4, 1997), Cuyahoga App. No. 72313, unreported, the plaintiff alleged in her complaint that her employer told her she must retire because she was too old to continue working. When the plaintiff refused to retire, the employer stated that appellant was considered to be retired immediately. In affirming the trial court's Civ.R. 12 (B) (6) dismissal of the complaint, the Court of Appeals for Cuyahoga County found that there was nothing in this description of events which reflected behavior or conduct which was so extreme as to go beyond all possible bounds of decency, or would be considered utterly intolerable in a civilized community. Id. at page 6. Appellants' complaint alleged that Krupar was subjected to on-going age discrimination for several years. The complaint alleged that in 1989, Krupar was demoted from Plant Manager to Foam Line Manager, and replaced by a younger employee. The complaint alleged that in 1993, he was demoted from Foam Line Manger to Foam Line Supervisor and replaced by a younger employee. The complaint also alleged that for several years a younger shift supervisor received time and one-half pay for overtime, while Krupar did not. The complaint further alleged that appellee made false statements concerning whether Krupar was offered a team leader position in the paint department. As to appellant McCulley, the complaint alleged that appellee contended that they were doing away with his job, but the job was in fact maintained and assigned to a younger employee. The complaint further alleged that appellee lied by contending that McCulley received the lowest overall evaluation rating of all salaried employees. The complaint further alleged that the last evaluation conducted by appellee was not shown to McCulley. As to both appellants, the complaint alleged that they were not offered jobs with a new company which appellee brought in to produce roofing shingles, after closing down their paint line. The court did not err in dismissing the complaint pursuant to Civ.R. 12 (B) (6). The allegations outlined above simply do not rise to the level of extreme and outrageous conduct. As in Leonardi, where the plaintiff's complaint was also related to age discrimination in the workplace, it is clear beyond a doubt from the face of thecomplaint that appellants can prove no set of facts which would entitle them to relief from intentional infliction of emotional distress. The first assignment of error is overruled.
 II
The court dismissed appellants' statutory age discrimination complaint on the basis that it was filed outside the 180-day statute of limitations. Appellants' complaint alleged that they were unlawfully terminated on December 31, 1996, at that time the age discrimination actions pursuant to R.C. 4112.02 (A) were subject to a 180-day statute of limitations. Effective January 27, 1997, the statute of limitations for such age discrimination claims became two years. Appellants filed the instant action on July 15, 1998. Appellants argue that they fell within the two-year statute of limitations, which was in effect at the time the complaint was filed. It is well established in Ohio law that the statute of limitations in effect on the date the claim arose is the applicable statute of limitations. Pittsburgh, Cincinnati Railway Company v. Heine (1874), 25 Ohio St. 629. Accord, Ham v. Kunzi (1897), 56 Ohio St. 531, 538 (statute of limitations in effect at the time the right of action accrues governs the case); Horvath v. Connor (1983), 13 Ohio App.3d 214, 215 (six month limitations period in effect at time of Workers' Compensation claimant's death applied to death benefit claim, despite later repeal). The second assignment of error is overruled.
 III
Appellants argue that the court erred in dismissing their age discrimination case, as they should have been permitted to proceed under a theory of the public policy exception to the Employment at Will Doctrine. Appellants' complaint makes no claim for damages based on common-law wrongful discharge. Appellants made no effort to amend their complaint to allege a cause of action for wrongful discharge in violation of public policy. Appellants cannot raise this claim for the first time on appeal. E. g., Allis-Chalmers Credit Corp. v. Herbolt (1984), 17 Ohio App.3d 230. The third assignment of error is overruled.
The judgment of the Guernsey County Common Pleas Court is affirmed.
By Gwin, P.J., Farmer, J., and Edwards, J., concur