THE STATE, EX REL. CITY OF DUBLIN, *v.* DELAWARE COUNTY BOARD OF COMMISSIONERS.

[Cite as *State, ex rel. Dublin, v. Delaware Cty. Bd. of Commrs.* (1991), 62 Ohio St.3d 55.]

(No. 90–2394—Submitted June 4, 1991—Decided October 9, 1991.)

*Stephen J. Smith,* Law Director, *Mitchell H. Banchefsky, Bricker & Eckler, James S. Monahan, Rebecca C. Princehorn* and *Diane M. Signoracci,* for relator.

*W. Duncan Whitney,* Prosecuting Attorney, for respondents.

*Teaford, Rich, Belskis, Coffman & Wheeler* and *Jeffrey A. Rich,* for intervening respondents Concord Township Trustees.

---

JOHN W. McCORMAC, J. The primary and controlling issue is whether the Ohio General Assembly has authorized a municipality to order a board of county commissioners to alter township boundary lines under the circumstances of this case.

The city of Dublin is a municipal corporation whose boundaries include land in three counties and four townships as follows: Perry Township in Franklin County, Washington Township in Franklin County, Jerome Township in Union County, and Concord Township in Delaware County. None of these townships is located wholly within the city of Dublin.

On June 16, 1990, the Dublin City Council passed Ordinance No. 69–90 to petition the board for a change of township lines of Concord Township to remove the area included within the corporate limits of the city of Dublin from Concord Township so that it could be placed in Washington Township pursuant to R.C. 503.07 and related sections. Washington Township is the largest township within the city limits of Dublin.

A similar ordinance was adopted and submitted to the Franklin County Board of Commissioners, which accepted the petition and ordered the boundaries of Washington Township enlarged to include the part of Concord Township which is located within the city of Dublin.

Dublin argues that R.C. Chapter 503, generally, and R.C. 503.07, specifically, impose a mandatory duty on the Delaware County Commissioners to alter the boundaries of Concord Township in order to conform them to the municipal limits of Dublin, since the city of Dublin duly petitioned the board to make that change. The Delaware County Commissioners and Concord Township Trustees, intervenors herein, argue that the board is vested with discretion to make that decision and, alternatively, that even if the duty is mandatory it cannot be performed because it would amount to an illegal act. In support of these contentions, the board and Concord Township argue that a single township cannot be extended beyond county boundaries, and that a residents' petition is the only method whereby a township's boundaries may be altered. The board further maintains that the city of Dublin must simultaneously

petition all counties for all townships within its city limits in order to change township boundaries.

R.C. 503.07 provides:

"When the limits of a municipal corporation do not comprise the whole of the township in which it is situated, or if by change of the limits of such corporation include territory lying in more than one township, the legislative authority of such municipal corporation, by a vote of the majority of the members of such legislative authority, may petition the board of county commissioners for a change of township lines in order to make them identical, in whole or in part, with the limits of the municipal corporation, or to erect a new township out of the portion of such township included within the limits of such municipal corporation. The board, on presentation of such petition, with the proceedings of the legislative authority authenticated, at a regular or adjourned session, *shall upon the petition of a city change the boundaries of the township or erect such new township, and may upon the petition of a village change the boundaries of the township or erect such new township.*" (Emphasis added.)

The threshold question is whether, pursuant to R.C. 503.07, a board of county commissioners must comply with a municipal petition for a change of township boundaries in order to make those boundaries conform, in whole or in part, to the limits of the municipality or whether it is vested with the discretion to reject the petition.

The plain language of R.C. 503.07 leads clearly to the conclusion that when a proper municipal petition has been presented to the board of county commissioners it must accept it and change the township boundaries accordingly. R.C. 503.07 states that, upon the submission of a petition by a city, the board "shall" alter the boundaries; only in the case of a village petition is the permissive term "may" used. The conclusion that the board's action upon the city's petition is ministerial in nature, without any discretion, is further buttressed by those legislative enactments which preceded enactment of R.C. 503.07 as it presently reads.

The original Act for the Incorporation of Townships was passed in 1853, two years after the Constitution of 1851 was adopted. Section 2 of the Act imposed a duty on the part of the board of county commissioners to accept a petition for a township boundary change. 51 Ohio Laws 489. However, a township boundary change could be made only upon the petition of " * * * a majority of the householders residing within the boundary of such proposed change * * *." *Id.* Municipalities were not given similar powers to petition the county. The law regulating changes in township boundaries remained

virtually unchanged until 1869, when the first comprehensive municipal code was enacted. 66 Ohio Laws 149.

The Municipal Code of 1869 substantially altered the then-existing law to provide for a change in township boundaries by municipal petition. See Section 480, 66 Ohio Laws 149, 230. The original method for changing boundaries by residents' petition was retained but not included in the chapter dealing with municipal powers and duties. Therefore, it is apparent that in 1869 the General Assembly recognized two distinct methods to institute a change in township boundaries. The residents of a township retained the power of petition and a municipality was granted a new right to institute its own petitions. When addressing the duty of a board of county commissioners in regard to petitions, the legislature used two different standards. In regard to a residents' petition, the mandatory term "shall" was used, thereby removing any discretion from the commissioners' function. On the other hand, in regard to a municipal petition, the permissive term "may" was used, thereby giving the commissioners discretion to accept such petition.

In 1880, when the statute laws of Ohio were revised and consolidated, the two boundary change methods appeared in the same Revised Statutes chapter. Changes by residents' petition appeared at Section 1377, Chapter 2 of Title X, and changes by municipal petition appeared at Section 1380, Chapter 2. In 1910, when the general statutes were revised and recodified into the General Code, the consolidation of the two boundary change methods into the same chapter was retained. Changes by residents' petition appeared at Section 3245, Chapter 1, Division II of Title XI, and changes by municipal petition appeared at Section 3249 of the same chapter. Both sections at the times of these revisions were worded in permissive terms, thereby vesting the commissioners with final discretion regardless of the method of initiation.

Subsequently, G.C. 3245 was recodified into R.C. 503.02, which remains largely unchanged from its 1910 version. G.C. 3249 became R.C. 503.07, but this section was dramatically altered in 1961. (129 Ohio Laws 1300.) The 1961 amendment to R.C. 503.07, when speaking of the commissioners' duty on presentment of a municipal petition, deleted the permissive term "may" and inserted the mandatory "shall." Additionally, a provision was inserted allowing villages to petition for a change in township boundaries. The clause pertaining to village petitions was couched in permissive language, thereby vesting commissioners with discretion over these petitions only. The 1961 version of R.C. 503.07 remains the latest legislative enactment on this subject.

To summarize, the legislative history of R.C. 503.07 establishes that township boundary changes have been the subject of extensive legislative consideration. Initially, the power to institute changes was vested solely in the

township residents. Subsequently, municipal corporations were given coextensive power to initiate changes. This municipal power was, at first, subject to the discretion of the county commissioners of the county in which the land was located. In 1961, the General Assembly chose to divest the county commissioners of this discretion by amending R.C. 503.07 to require the commissioners to accept a municipal petition, while giving them the discretion to reject a petition from a village, whose right to petition was then created.

The board and Concord Township next argue that no township can exist in more than one county and that the commissioners are without jurisdiction to approve the change sought in the petition because part of Concord Township in Delaware County would become an extension of Washington Township which is in Franklin County.

R.C. 503.15 speaks specifically to this point and provides that, if a change is to be made in two or more counties, each board of commissioners affected must be petitioned. This is precisely what the Ohio Attorney General concluded in his opinion No. 90–071 (1990 Ohio Atty. Gen. Ops. No. 90–071, at 2–301) and what Dublin did by submitting petitions to both Delaware and Franklin Counties. Concord Township contends that under R.C. 503.07 and 503.02, a board of county commissioners can only alter boundaries located within its own county and that there is no authority which allows Washington Township to extend into Delaware County. We are not persuaded by Concord Township's argument.

Boundary change to townships located in two or more counties also enjoys a long statutory history. The Municipal Code of 1869, Section 483 (66 Ohio Laws 149, 230), provided for such a contingency, as did the Revised Statutes at Section 1383 and the General Code at Section 3252. Originally, only the county containing the largest portion of the municipality petitioning for a boundary change had to approve the petition. The Revised Statutes and General Code altered the procedure and required the municipality to petition each county affected. This is the same procedure that was carried over into R.C. 503.15. If Concord Township's position were accepted, then R.C. 503.15 would be rendered meaningless. General rules of statutory construction (*i.e.*, R.C. 1.47 and 1.49), as well as the legislative history of R.C. 503.15, preclude the result suggested by Concord Township.

Furthermore, R.C. 703.22, which speaks concerning a detachment creating identical township and municipal boundaries, is irreconcilable with Concord Township's argument. R.C. 703.22 abolishes township offices when a township is totally encompassed by a municipality. However, this section does not limit the county commissioners' authority over the detachment but only deals with the results of the detachment once made. See *Franklin Twp. v. Marble*

*Cliff* (1982), 4 Ohio App. 3d 213, 4 OBR 318, 447 N.E.2d 765. Delaware County is not surrendering territory to Franklin County by changing the boundaries of Concord Township. By operation of R.C. 503.14, the detached portion of Concord Township will become a part of Washington Township which will then exist in both Delaware and Franklin Counties. No law has been cited or found that limits the boundaries of a township to one county.

Finally, the board argues that Dublin cannot petition for boundary changes separately but, rather, that all counties for all townships with land in the city of Dublin must be petitioned simultaneously. There is no authority supporting that proposition. R.C. 503.07 states that the petition may be made " * * * for a change of township lines in order to make them identical, in whole or in part, with the limits of the municipal corporation." The use of the words "in part" suggests that it is possible to deal with each attachment separately. R.C. 503.15 also mandates that each county affected must be petitioned but does not speak specifically to the situation at hand. Finding no authority on this issue other than R.C. 503.07, which inferentially supports the proposition that a municipality may petition counties separately, we determine that a municipality may proceed one county at a time.

The portion of Concord Township located within the city of Dublin must, on proper petition, be annexed to Washington Township, the largest township in the city. R.C. 503.14. Accordingly, the city of Dublin enacted and presented a petition to the Board of Commissioners of Delaware County which the latter had a duty to accept.

In order for a writ of mandamus to issue, relator must establish that he has a clear legal right to the relief prayed for, that respondents are under a clear legal duty to perform the acts, and that relator has no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger v. McMonagle* (1983), 6 Ohio St. 3d 28, 29, 6 OBR 50, 51, 451 N.E.2d 225, 226. The extraordinary writ of mandamus cannot be used to control the exercise of administrative or legislative discretion. However, if the act to be performed is ministerial in nature and involves no exercise of discretion, mandamus is a proper remedy. See *State, ex rel. Mothers Against Drunk Drivers, v. Gosser* (1985), 20 Ohio St. 3d 30, 20 OBR 279, 485 N.E.2d 706.

Respondents have moved to dismiss the action contending that mandamus is not proper because relator has an adequate remedy at law by way of appeal pursuant to R.C. 2506.01. These motions are overruled. An appeal is not an adequate remedy in the ordinary course of law when the acts sought to be enforced are ministerial only. Mandamus is a proper remedy in that instance. See *State, ex rel. Mothers Against Drunk Drivers, v. Gosser, supra.* Moreover, R.C. 2506.01 provides for appeals from quasi-judicial proceedings only;

administrative actions of administrative officers and agencies not resulting from quasi-judicial proceedings are not appealable. *M.J. Kelley Co. v. Cleveland* (1972), 32 Ohio St.2d 150, 61 O.O.2d 394, 290 N.E.2d 562, paragraph one of the syllabus. In *M.J. Kelley Co. v. Cleveland, supra,* we determined "quasi-judicial proceedings" to be proceedings of administrative officers and agencies where there was a requirement for notice, hearing, and the opportunity for introduction of evidence. Since the board, as previously explained, had a duty to accept the petition and its acts were solely ministerial, there was no requirement for notice, hearing, and the opportunity for introduction of evidence. Hence, the proceedings were not quasi-judicial and there was no right of appeal pursuant to R.C. 2506.01. The disputed fact that the board conducted a hearing that was both unnecessary and could not have changed its ministerial duty to accept the petition does not convert the proceeding to one that was quasi-judicial.

The remaining motions center around the admissibility of evidence concerning the motives of the city of Dublin that caused it to enact the petitions which were presented to Delaware and Franklin Counties. While the petitions contain language stating that the city's motive was to provide better fire and emergency service protection to residents of the city of Dublin who reside in Concord Township, the motives of the city, whether they are those stated in the petitions or otherwise, become immaterial after the petitions have been enacted. The General Assembly has granted a municipality the power to order a board of county commissioners to adjust the boundaries of a township to exclude the land located within the petitioning city without any limitation upon the reason for the request. Even if the real motive of the city was that ascribed to it by Concord Township as seeking a "land grab," it is immaterial to the disposition of this mandamus action. Thus, all evidence relating to motives of the city of Dublin is ordered stricken from the record. Similarly, it is not material to the disposition of this cause that Concord Township has improved its fire protection and emergency services subsequent to the enactment of the city's petitions. Such evidence is also ordered stricken from the record. Only the city of Dublin can change the effect of its action, and that can be accomplished only by rescinding its petitions.

The basic facts that are material to the determination of this action are not in dispute. Thus, the complaint of Concord Township, that the stipulation of facts herein was entered into before it was allowed to intervene, is not material. Those facts which Concord Township chose to add are not material, as previously explained.

A writ of mandamus is issued, ordering the Delaware County Board of Commissioners to accept the petition of the city of Dublin, as stated in

Ordinance No. 69–90, and to alter the boundaries of Concord Township so as to remove the part of Concord Township that is located within the city of Dublin and place it in Washington Township.

*Writ allowed.*

MOYER, C.J., DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

SWEENEY, J., dissents.

JOHN W. MCCORMAC, J., of the Tenth Appellate District, sitting for HOLMES, J.