[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 351.]

THE STATE EX REL. DISTRICT 1199, HEALTH CARE AND SOCIAL SERVICE

UNION, SEIU, AFL-CIO, ET AL. *v.* LAWRENCE COUNTY GENERAL HOSPITAL,

D.B.A. RIVER VALLEY HEALTH SYSTEMS, ET AL.

[Cite as *State ex rel. Dist. 1199, Health Care & Social Serv. Union, SEIU,*

*AFL-CIO v. Lawrence Cty. Gen. Hosp.*, 1998-Ohio-49.]

*Public records—Mandamus to compel hospital and its administrator to provide*

*union with records dealing with employees, copies of job descriptions,*

*copies of contracts with consultants, and copies of any contracts between*

*hospital and Ohio State University or Ohio State University Hospital—*

*Writ granted in part and denied in part, when—Attorney fees awarded,*

*when.*

(No. 98-837—Submitted August 19, 1998—Decided October 14, 1998.)

IN MANDAMUS.

_____

{¶ 1} Respondent Lawrence County General Hospital, d.b.a. River Valley Health Systems ("hospital"), was established in 1936 and has occupied its present primary site since 1937. Lawrence County owns the land and the building of the hospital's primary site. The hospital pays no rent to Lawrence County for use of the facility. A bond issue funded the hospital's 1950 expansion, and the bonds were retired through public taxation. After 1950, there have been additional hospital expansions that have not been financed with public tax revenues.

{¶ 2} As provided for in R.C. Chapter 339, the hospital is a "county hospital," which is governed by a board of county hospital trustees. Pursuant to R.C. 339.02, the Lawrence County Board of Commissioners, the senior county probate judge, and the senior county court of common pleas judge appointed the board of county hospital trustees. Under R.C. 339.06, the board of county hospital

trustees manages the hospital. Hospital employees participate in the Public Employees Retirement System.

{¶ 3} An April 1997 independent auditor's report of the hospital referred to the hospital as a "component unit of Lawrence County, Ohio." The State Auditor accepted the independent auditor's report in lieu of the audit required by R.C. 117.11 for public offices.

{¶ 4} In February and March 1998, relators, District 1199, Health Care and Social Service Union, SEIU, AFL-CIO, its president, and its secretary-treasurer, requested that respondents, the hospital and its administrator, provide them with access to the following records:

"1. Lists of the names, addresses, and job classifications of all employees employed at the River Valley Health System;

"2. Copies of the job descriptions for all classifications at the facility;

"3. Copies of contracts, if any, with all consultants, including attorneys, retained to advise you in the areas of personnel matters or labor relations;

"4. Copies of any contracts between your facility and Ohio State University, or Ohio State University Hospital."

{¶ 5} After respondents denied access to the requested records, relators filed this action for a writ of mandamus to compel respondents to provide copies of the requested records. Relators also requested an award of reasonable attorney fees. Respondents have filed an answer, in which they claim that they have now given relator union some of the names that relators requested, *i.e.*, the names of the hospital employees whom the union seeks to represent for collective bargaining purposes.

{¶ 6} This cause is now before the court for its determination under S.Ct.Prac.R. X(5).

_____

*Hunter, Smith, Carnahan & Shoub*, *Michael J. Hunter* and *Russell E. Carnahan*, for relators.

*Arter & Hadden, L.L.P.*, and *Dennis D. Grant*, for respondents.

_____

*Per Curiam.*

**{¶ 7}** Pursuant to S.Ct.Prac.R. X(5), we must now determine whether dismissal, an alternative writ, or a peremptory writ is appropriate. In making this determination, we apply the following standards:

"Under S.Ct.Prac.R. X(5), dismissal is appropriate if it appears beyond doubt, after presuming the truth of all material factual allegations and making all reasonable inferences in favor of relator, that relator is not entitled to the requested extraordinary relief. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 108, 647 N.E.2d 799, 801-802. If, on the other hand, the complaint may have merit, an alternative writ should issue. Staff and Committee Notes to S.Ct.Prac.R. X(5). Finally, if it appears beyond doubt that relator is entitled to the requested extraordinary relief, a peremptory writ should issue. *State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 583, 669 N.E.2d 835, 839." *State ex rel. Stern v. Mascio* (1998), 81 Ohio St.3d 297, 298, 691 N.E.2d 253, 254.

**{¶ 8}** With the foregoing standards in mind, we now address relators' claim for a writ of mandamus.

**{¶ 9}** Relators claim entitlement to a writ of mandamus to compel the hospital and its administrator to provide copies of the requested records. Insofar as relators have now received some of the requested records, *i.e.*, a list of some of the names of hospital employees, relators' mandamus claim is denied as moot. *State ex rel. Thomson v. Doneghy* (1997), 80 Ohio St.3d 222, 685 N.E.2d 537.

**{¶ 10}** Regarding the remaining requested records, the hospital and its administrator initially contend that relators are not entitled to these records because

the hospital is not a "public office" for purposes of R.C. 149.011(A) and 149.43. In reviewing this contention, we must resolve any doubts about the "public" status of the hospital in favor of finding it a "public office" subject to R.C. 149.43. *State ex rel. Toledo Blade Co. v. Univ. of Toledo Found.* (1992), 65 Ohio St.3d 258, 260-261, 602 N.E.2d 1159, 1161.

{¶ 11} R.C. 149.011(A) defines "[p]ublic office" as any "state agency, *public institution*, political subdivision, or any other organized body, office, agency, institution, or entity established by the laws of this state for the exercise of any function of government."  (Emphasis added.)

{¶ 12} The hospital is a "public office" for purposes of R.C. 149.011(A) and 149.43.  "A public hospital, which renders a public service to residents of a county and which is supported by public taxation, is a 'public institution' and thus a 'public office' pursuant to R.C. 149.011(A), making it subject to the public records disclosure requirements of R.C. 149.43." *State ex rel. Fox v. Cuyahoga Cty. Hosp. Sys.* (1988), 39 Ohio St.3d 108, 529 N.E.2d 443, paragraph one of the syllabus.  Lawrence County General Hospital is a public hospital that renders a public service to county residents and is supported by public taxation.  The rent-free use of county property and land by the hospital for its primary site constitutes support from public taxation. *State ex rel. Fostoria Daily Review Co. v. Fostoria Hosp. Assn.* (1988), 40 Ohio St.3d 10, 12, 531 N.E.2d 313, 316.  The 1950 hospital expansion was also funded by public tax revenues.

{¶ 13} In addition, this conclusion, that the hospital is a "public office" subject to R.C. 149.43, is supported by the other uncontroverted evidence here, *i.e.*, PERS membership for hospital employees, appointment of hospital trustees by county officials in accordance with R.C. 339.01 *et seq.*, and treatment by the State Auditor of the hospital as a public office for purposes of R.C. 117.11.

{¶ 14} The hospital and its administrator next assert that relators are not entitled to a writ of mandamus to compel disclosure of the remaining requested

records because of a pending declaratory judgment action in common pleas court brought by the hospital to resolve the issue of whether it is a "public office" for purposes of R.C. 149.011(A) and 149.43.

{¶ 15} Respondents' assertion, however, lacks merit because persons seeking public records under R.C. 149.43 need not establish the lack of an adequate remedy at law in order to be entitled to a writ of mandamus. *State ex rel. McGowan v. Cuyahoga Metro. Hous. Auth.* (1997), 78 Ohio St.3d 518, 520, 678 N.E.2d 1388, 1389; *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 426-427, 639 N.E.2d 83, 88-89.

{¶ 16} It is further evident that the requested records are subject to disclosure under R.C. 149.43. Respondents do not assert the applicability of any exemption to disclosure.

{¶ 17} Based on the foregoing, we grant a peremptory writ of mandamus to compel respondents to provide copies of the remaining requested records. No further evidence or argument is required for the court to resolve this case. See *State ex rel. Bowman v. Columbiana Cty. Bd. of Commrs.* (1997), 77 Ohio St.3d 398, 401, 674 N.E.2d 694, 696.

{¶ 18} Finally, we award attorney fees to relators. Unlike *Fox*, 39 Ohio St.3d at 112, 529 N.E.2d at 447, where we denied attorney fees because there was a "reasonable legal basis for respondents' refusal to produce the requested documents," there was no reasonable basis here, particularly given precedent on the "public office" issue. See *Fox* and *Fostoria Daily Review*. Relators are ordered to submit a bill and documentation in support of their request for attorney fees in accordance with the guidelines set forth in DR 2-106.

*Writ granted in part*
*and denied in part.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____