[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 576.]

THE STATE EX REL. GAYDOSH, APPELLANT, *v.* CITY OF TWINSBURG ET AL., APPELLEES.

[Cite as *State ex rel. Gaydosh v. Twinsburg*, 2001-Ohio-1613.]

*Mandamus sought to compel city of Twinsburg, its mayor, and city council members to correct zoning map until a vote is held on alleged zoning changes arising from a 1999 consent judgment entered in federal district court—Denial of writ affirmed—Relator in a nonpublic-records case seeking relief in mandamus to enforce an act that is either ministerial or nonministerial must generally prove the lack of an adequate remedy in the ordinary course of law to be entitled to the writ.*

(No. 01-717—Submitted September 18, 2001—Decided November 14, 2001.)

APPEAL from the Court of Appeals for Summit County, No. 20120.

————————————

*Per Curiam.*

{¶ 1} In 1998, appellees Moreland Hills Development Company, Developers Diversified Builders, Inc., Bert L. Wolstein & Michael Miller, W & M Properties, and Heritage Development Company (collectively referred to as "Moreland Hills") filed an action for damages against appellee city of Twinsburg and others in the United States District Court for the Northern District of Ohio, Eastern Division. Moreland Hills claimed that the city had acted in an arbitrary and capricious manner in reducing residential housing density and had engaged in invidious discrimination concerning its development standards.

{¶ 2} In November 1999, the federal district court entered a consent judgment in which the parties agreed to settle their claims. Under the consent judgment, the parties agreed that certain property would be used and developed for industrial purposes and that some other property would be used and developed for

residential cluster housing. The federal district court retained continuing jurisdiction regarding "all disagreements or differences in interpretations that may arise in the continuing implementation" and "the future enforcement" of the consent judgment.

{¶ 3} In March 2000, appellant, Marcella Gaydosh, and William Metropulos, citizens of Twinsburg, filed a motion to intervene in the federal district court proceeding. They claimed that the terms of the consent judgment conflicted with the Twinsburg Charter and that the city consequently had no authority to consent to the settlement. In April 2000, the federal district court denied the motion to intervene, holding that it lacked jurisdiction to reopen the case to add new parties and that the motion was untimely. The court further opined, "If certain citizens have complaints about how their city officials are representing or not representing their interests, their recourse is in another forum."

{¶ 4} By resolution adopted by the Twinsburg City Council, an amended zoning code and zoning map for the city were submitted to the electorate on the November 7, 2000 ballot. A notation on the map of the proposed zoning changes stated that the map depicted the items negotiated and reflected in the 1999 federal district court consent judgment entry. According to the city law director, the amendments were approved by a majority of the Twinsburg electors as well as a majority of those voting in each city ward in which a zoning district or classification was changed. Just before the election, in October 2000, Susan Ferritto, a member of the Twinsburg City Council, filed a complaint in the Summit County Court of Common Pleas against the Summit County Board of Elections and Twinsburg, seeking a judgment declaring the ordinance on the November 2000 election ballot to be invalid. Ferritto contended that the ordinance placing the amended zoning code and zoning map on the election ballot was not passed in accordance with the charter. More specifically, she claimed that the electorate would vote on a zoning

map that had been rejected by the planning commission and had never been voted on by city council.

{¶ 5} Instead of appealing the April 2000 judgment of the federal district court denying her motion to intervene or intervening in the pending declaratory judgment action, Gaydosh filed a complaint in the Court of Appeals for Summit County on June 13, 2000. In her complaint, Gaydosh requested a writ of mandamus to compel appellee Twinsburg to (1) correct its official zoning map until a vote is held on the zoning changes caused by the federal district court consent judgment, and (2) set aside the settlement agreement with Moreland Hills approved by the city. After appellees, Twinsburg, its mayor, and its city council members, filed an answer, the court granted the motion of Moreland Hills to intervene.

{¶ 6} In November 2000, the court of appeals dismissed that portion of Gaydosh's mandamus action that requested an order compelling appellees Twinsburg, its mayor, and its city council members to set aside the settlement agreement incorporated in the federal district court's 1999 consent judgment. In March 2001, the court of appeals granted the motions for summary judgment of appellees, the municipal and the intervening respondents, and denied Gaydosh's remaining mandamus claim. Referring to the federal court lawsuit, the court of appeals concluded that Gaydosh "had an adequate remedy at law through intervention to raise the illegality of the consent decree because of the alleged failure to submit its terms, including any changes in the zoning classifications, to the voters" and that "[u]pon denial of the motion to intervene, [Gaydosh] had an adequate remedy through appeal of the order denying intervention." This cause is now before the court upon Gaydosh's appeal as of right and her motion for oral argument.

Oral Argument

**{¶ 7}** Gaydosh requests oral argument for her appeal. We deny the request for oral argument because Gaydosh has neither established nor asserted any of the factors that might generally warrant oral argument and the parties' briefs are sufficient to resolve this appeal. See *State ex rel. Woods v. Oak Hill Community Med. Ctr.* (2001), 91 Ohio St.3d 459, 460, 746 N.E.2d 1108, 1111; *State ex rel. Dillery v. Icsman* (2001), 92 Ohio St.3d 312, 318, 750 N.E.2d 156, 162.

Appeal: Adequate Remedy at Law

**{¶ 8}** Gaydosh asserts that the court of appeals erred in denying the writ of mandamus to compel Twinsburg to correct its zoning map until a vote is held on the alleged zoning changes arising from the 1999 consent judgment. In order to be entitled to the requested writ, Gaydosh must establish a clear legal right to correction of the zoning map, a corresponding clear legal duty on the part of appellees to correct the map, and the absence of a plain and adequate remedy in the ordinary course of law. *State ex rel. Sekermestrovich v. Akron* (2001), 90 Ohio St.3d 536, 537, 740 N.E.2d 252, 254.

**{¶ 9}** The court of appeals determined that Gaydosh was not entitled to issuance of the writ because she had an adequate remedy in the ordinary course of law. Under R.C. 2731.05, a "writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law." *State ex rel. Woods*, 91 Ohio St.3d at 462, 746 N.E.2d at 1112. "In order for an alternative remedy to constitute an adequate remedy at law, it must be complete, beneficial and speedy." *State ex rel. Natl. Elec. Contractors Assn., Ohio Conference v. Ohio Bur. of Emp. Serv.* (1998), 83 Ohio St.3d 179, 183, 699 N.E.2d 64, 67.

**{¶ 10}** As the court of appeals correctly concluded, Gaydosh had an adequate legal remedy by appealing the federal district court's denial of her motion to intervene. See *State ex rel. Crabtree v. Franklin Cty. Bd. of Health* (1997), 77 Ohio St.3d 247, 249-250, 673 N.E.2d 1281, 1284, where we held that an appeal of

an order denying intervention after a final judgment was an adequate remedy in the ordinary course of law that precluded a writ of mandamus; see, also, *Brown v. Barlow* (Tex.App.1985), 685 S.W.2d 406, 408 ("The writ of mandamus cannot be used to review an order refusing an intervention").

{¶ 11} Moreover, Gaydosh had an adequate legal remedy by intervening in the declaratory judgment action then pending in the Summit County Court of Common Pleas challenging comparable zoning provisions. "Where parties to a mandamus action are also parties, or may be joined as parties, in a previously filed declaratory judgment action involving the same subject matter, a court, in the exercise of its discretion, may refuse to issue a writ of mandamus." *State ex rel. Bennett v. Lime* (1978), 55 Ohio St.2d 62, 9 O.O.3d 69, 378 N.E.2d 152, syllabus. Gaydosh could have sought to intervene in the declaratory judgment action and raised her claims challenging the validity of the alleged zoning changes arising from the 1999 federal consent judgment. See *State ex rel. Crobaugh v. White* (2001), 91 Ohio St.3d 470, 472, 746 N.E.2d 1120, 1123, quoting *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 635, 716 N.E.2d 704, 710 (" 'constitutional challenges to legislation are normally considered in an action in a court of common pleas rather than an extraordinary writ action filed here' ").

{¶ 12} Furthermore, the fact that either or both of these alternative remedies may no longer be available because of Gaydosh's failure to timely pursue them does not render them inadequate. *In re Estate of Davis* (1996), 77 Ohio St.3d 45, 46, 671 N.E.2d 9, 10.

{¶ 13} In addition, Gaydosh's contention that the requirement of the lack of an adequate legal remedy does not preclude the writ of mandamus is meritless. Gaydosh asserts that she need not prove the lack of an adequate legal remedy because the acts to be performed are ministerial and the state, not she, is the real party in interest in her mandamus action.

**{¶ 14}** R.C. 2731.05 does not specify any exception to the mandamus requirement of the lack of an adequate remedy in the ordinary course of law for ministerial, as opposed to nonministerial, duties. We do not infer this exception from the plain and unambiguous language of R.C. 2731.05. See, *e.g., Erb v. Erb* (2001), 91 Ohio St.3d 503, 507, 747 N.E.2d 230, 234 ("Courts have a duty to give effect to the words used in a statute and not to delete words used or to insert words not used").

**{¶ 15}** Neither of the cases cited by Gaydosh in support of her claim that a writ of mandamus will issue when the act sought to be compelled is ministerial is persuasive. See *State ex rel. Dublin v. Delaware Cty. Bd. of Commrs.* (1991), 62 Ohio St.3d 55, 60, 577 N.E.2d 1088, 1093, and *State ex rel. Mothers Against Drunk Drivers v. Gosser* (1985), 20 Ohio St.3d 30, 20 OBR 279, 485 N.E.2d 706. Admittedly, in *Dublin*, 62 Ohio St.3d at 60, 577 N.E.2d at 1093, we stated that "[a]n appeal is not an adequate remedy in the ordinary course of law when the acts sought to be enforced are ministerial only," citing *Mothers Against Drunk Drivers* as the sole support for the proposition that mandamus is the proper remedy under those circumstances.

**{¶ 16}** In *Dublin*, however, we emphasized that there was no appeal available from the challenged administrative action. *Id.* at 60-61, 577 N.E.2d at 1093. Additionally, we never expressly addressed the issue of an adequate alternative remedy in *Mothers Against Drunk Drivers*, and nothing indicates that the relator seeking public records in that case had an adequate remedy in the ordinary course of law. In this regard, we have subsequently held that the requirement of the lack of an adequate legal remedy does not apply to public-records cases. See *State ex rel. Dist. 1199, Health Care & Soc. Serv. Union, SEIU, AFL-CIO v. Lawrence Cty. Gen. Hosp.* (1998), 83 Ohio St.3d 351, 354, 699 N.E.2d 1281, 1283 ("persons seeking public records under R.C. 149.43 need not establish the lack of an adequate remedy at law in order to be entitled to a writ of

mandamus"); *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 426-427, 639 N.E.2d 83, 88-89.

**{¶ 17}** Therefore, based on the plain language of R.C. 2731.05, we overrule *Dublin* to the extent inconsistent herewith and hold that a relator in a nonpublic-records case seeking extraordinary relief in mandamus to enforce an act that is either ministerial or nonministerial must generally prove the lack of an adequate remedy in the ordinary course of law to be entitled to the writ.

**{¶ 18}** Gaydosh finally claims that because mandamus actions are brought in the name of the state on the relation of the applicant, R.C. 2731.04, the fact that she could have appealed the denial of her attempted intervention in the federal case would not be an adequate remedy because she acted in her individual capacity in that case. But Gaydosh cites no authority for this proposition. More important, if we were to adopt Gaydosh's claim, the R.C. 2731.05 requirement of the lack of an adequate remedy would be rendered largely nugatory because relators could then ignore available, alternative remedies like appeal and institute actions for extraordinary relief in mandamus in the name of the state. The General Assembly could not have intended this absurd result. *In re Election Contest of Democratic Primary Held May 4, 1999 for Clerk, Youngstown Mun. Court* (2000), 88 Ohio St.3d 258, 266, 725 N.E.2d 271, 278, quoting *State ex rel. Sinay v. Sodders* (1997), 80 Ohio St.3d 224, 232, 685 N.E.2d 754, 760 (" 'We must construe statutes to avoid unreasonable or absurd results' ").

**{¶ 19}** Based on the foregoing, we affirm the judgment of the court of appeals. Gaydosh specifies no facts establishing that appeal in the federal litigation or intervention in the declaratory judgment action would not have been complete, beneficial, and speedy remedies. See *State ex rel. Banc One Corp. v. Walker* (1999), 86 Ohio St.3d 169, 173, 712 N.E.2d 742, 746.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————

*Warner D. Mendenhall*, for appellant.

*Charles K. Webster*, Twinsburg Law Director, for appellee city of Twinsburg.

*Grendell & Simon Co., L.P.A.*, and *Timothy J. Grendell*, for appellees Moreland Hills Development Company, Developers Diversified Builders, Inc., Bert L. Wolstein & Michael Miller, W & M Properties, and Heritage Development Company.

———————————