JOURNAL ENTRY
{¶ 1} On August 15, 2003, pro se Relator, Lawrence Ross, filed a petition for writ of mandamus seeking an order to compel Respondent to release and unseal the speedy trial motion filed on November 18, 1996, and to issue findings of fact as to why the motion was denied.
 {¶ 2} Relator's petition for writ of mandamus is not accompanied by an affidavit that describes each civil action or appeal of a civil action filed in the previous five years. R.C. 2969.25. See, also, R.C.2731.04. The failure to provide such affidavit constitutes sufficient grounds for dismissal of Relator's complaint for a writ of mandamus.State ex rel. Zanders v. Ohio Parole Bd., 82 Ohio St.3d 421,1998-Ohio-218; State ex rel. Alford v. Winters, 80 Ohio St.3d 285,1997-Ohio-117. Thus, the writ is dismissed due to procedural defects.
 {¶ 3} Regardless of the procedural defect, Relator is not entitled to the extraordinary writ of mandamus. In order for this court to issue a writ of mandamus, a relator must demonstrate that he has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the act relator requests, and that relator has no plain and adequate remedy in the ordinary course of law. State ex rel.Botkins v. Laws (1994), 69 Ohio St.3d 383; State ex rel. Westchester v.Bacon (1980), 61 Ohio St.2d 42, paragraph one of the syllabus. Relator cannot meet any of these three requirements.
 {¶ 4} Relator has no legal right to the relief prayed for and Respondent is under no legal duty to perform the act Relator requests. The docket record of Common Pleas Case No. 96CR192 indicates that Relator never filed a request for findings of fact. "A trial court must, upon thedefendant's request, state essential findings of fact in support of its denial of a motion to discharge for failure to comply with the speedy trial provisions of R.C. 2945.71." State v. Brown, 64 Ohio St.3d 476,481, 1992-Ohio-96, citing Bryan v. Knapp (1986), 21 Ohio St.3d 64, syllabus (emphasis added). See, also, State v. Benner (1988),40 Ohio St.3d 301, 317-318; State v. Morgan (May 3, 2001), 8th Dist. No. 78142; State v. Nelson (Jan. 12, 2000), 5th Dist. No. 1999AP020007 (stating request must be timely). However, the duty to issue findings of fact does not arise unless there is a request from the defendant. Brown,64 Ohio St.3d at 481. Since no request was made, the trial court was under no duty to issue findings of fact and conclusions of law.
 {¶ 5} Moreover, Relator had an adequate remedy at law through the appellate process. Relator did appeal his 1996 conviction. However, he did not raise any issues he now complains of. Any issue regarding speedy trial violations, the sealing of the motion to dismiss based upon speedy trial violations, or issues regarding findings of fact could have been raised in that direct appeal and, therefore, an adequate remedy at law existed. State ex rel. Nalls v. Russo, 96 Ohio St.3d 410,2001-Ohio-4907, at ¶ 30. The presence of this remedy precludes extraordinary relief in mandamus. State ex rel. Gaydosh v. Twinsburg,93 Ohio St.3d 576, 578, 2001-Ohio-1613; State ex rel. Dannaher v.Crawford, 78 Ohio St.3d 391, 393, 1997-Ohio-72.
 {¶ 6} For the foregoing reasons, this petition is dismissed. Costs taxed against Relator. Final order. Clerk to serve notice as provided by the Civil Rules.
Petition dismissed.
WAITE, P.J., VUKOVICH and DONOFRIO, JJ., concur.