JOURNAL ENTRY AND OPINION
{¶ 1} The applicant, Woodrow Wilson, has applied, pursuant to App. R. 26(B) and State v. Murnahan (1992), 62 Ohio St.3d 60, 584 N.E.2d 1204, to reopen this court's judgment in State v. Wilson, Cuyahoga App. No. 89257, 2007-Ohio-6318, in which this court affirmed Wilson's convictions for rape and kidnapping. Wilson asserts that his appellate counsel should have raised trial counsel's ineffectiveness for not investigating and calling certain witnesses. The State of Ohio, through the *Page 3 
Cuyahoga County Prosecutor, filed a brief in opposition, and Wilson filed a reply brief. For the following reasons this court denies the application.
 {¶ 2} On the night of June 14-15, 2003, the victim went to look for her lesbian partner, because the partner had gone on a cocaine binge. The victim went with her partner's brother to the place where the partner had previously bought cocaine. At that point they picked up Wilson because he could accurately describe the partner and said that the partner was at a nearby motel. Once at the motel the victim and the brother thought they saw the partner's car. Accordingly, the victim and Wilson rented a room to "stake out" the partner; the brother waited in the car. During this escapade the victim got money from her bank's ATM. Most of the money went for the motel room, but Wilson also bought some cocaine with it. The victim testified that while she was watching for her partner, Wilson smoked the cocaine. Then he grabbed her, threw her on the bed, ripped off her pants, and raped her. Immediately afterwards, they left the hotel room, basically together. Wilson walked away, and the victim returned to her vehicle. She then drove to her partner's mother's house where she called her counselor, who advised her not to wash and call 9-1-1. The victim followed this advice, and subsequent testing showed Wilson's DNA present from the victim's vaginal swabs. Wilson testified that he thought the victim and the brother were primarily looking for cocaine and that the sex was consensual. Indeed, the victim told him she had a fantasy of having sex with a black man. *Page 4 
 {¶ 3} On appeal Wilson's counsel ably argued sufficiency of the evidence and manifest weight. He carefully marshaled the facts in the record and presented a forceful argument. However, this court affirmed the convictions.
 {¶ 4} Wilson now contends that his appellate attorney should have argued trial counsel's failure to interview the victim and to call as witnesses the victim's counselor and a police officer at the motel who witnessed their comings and goings. Wilson maintains that because credibility was so important in this case, the failure to call witnesses who could comment on the victim's appearance and behavior and, thus, her credibility, was a mistake. Their "testimonies possibly could have been favorable to" Wilson. (Wilson's reply brief.)
 {¶ 5} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668,80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 6} In Strickland the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of *Page 5 
reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland,104 S.Ct. at 2065.
 {¶ 7} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted, "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen, 77 Ohio St.3d 172, 1996-Ohio-366,672 N.E.2d 638 and State v. Tenace, 109 Ohio St.3d 451, 2006-Ohio-2987.
 {¶ 8} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. *Page 6 
A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
 {¶ 9} Furthermore, appellate review is strictly limited to the record.The Warder, Bushnell Glessner Co. v. Jacobs (1898), 58 Ohio St. 77, 50 N.E. 97; Carran v. Soline Co. (1928), 7 Ohio Law Abs. 5 and RepublicSteel Corp. v. Sontag (1935), 21 Ohio Law Abs. 358. "Clearly, declining to raise claims without record support cannot constitute ineffective assistance of appellate counsel." State v. Burke 97 Ohio St.3d 55,2002-Ohio-5310, paragraph 10.
 {¶ 10} Wilson's argument is meritless because it depends on speculation of matters outside the record: what those witnesses would have said, and how an interview of the victim would have revealed additional facts. A review of the record indicates that finding evidence favorable to Wilson was unlikely. The victim seemed very consistent in her testimony. There is nothing in the record to indicate that the counselor did not believe the victim or that she told her anything but to preserve the evidence and call 9-1-1. What the police officer's testimony would have been is a pure guess. Indeed, his testimony may have bolstered the victim's story; the victim testified that she told the officer that she was looking for her partner. Wilson even implicitly acknowledges the speculative nature of his argument in his reply brief.
 {¶ 11} Therefore, this court will not second guess appellate counsel's professional judgment to eschew an argument based on pure speculation in favor of arguments which he could forcefully present. Accordingly, this court denies Wilson's application to reopen. *Page 7 
 KENNETH A. ROCCO, J., and MARY EILEEN KILBANE, J., CONCUR *Page 1