[Cite as *Ogle v. Hocking Cty. Sheriff*, 2012-Ohio-1768.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| MELANIE A. OGLE, | : | |
| | : | |
| Petitioner-Appellant, | : | Case No: 11AP13 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| HOCKING COUNTY SHERIFF AND | : | JUDGMENT ENTRY |
| HOCKING COUNTY PROSECUTING | : | |
| ATTORNEY, | : | |
| | : | |
| Respondents-Appellees. | : | Filed: April 17, 2012 |

APPEARANCES:

Melanie A. Ogle, Rockbridge, Ohio, pro se Appellant.

Laina Fetherolf, Hocking County Prosecutor, and William L. Archer, Jr., Hocking County Assistant Prosecutor, Logan, Ohio, for Appellees.

Kline, J.:

{¶1}     Melanie A. Ogle (hereinafter "Ogle") appeals the judgment of the Hocking County Court of Common Pleas, which dismissed her petition for a writ of mandamus. On appeal, Ogle contends that the trial court erred for various reasons. Because Ogle's petition does not meet the requirements for mandamus relief, we disagree. As a result, we find that the trial court did not abuse its discretion by dismissing Ogle's petition, and we affirm the judgment of the trial court.

I.

{¶2}     Ogle was charged with several crimes before she filed her petition for a writ of mandamus. In one Hocking County Municipal Court case, Ogle was charged with

resisting arrest, a first-degree misdemeanor.  In another Hocking County Municipal

Court case, Ogle was charged with obstructing official business, a second-degree

misdemeanor.  And finally, in a Hocking County Common Pleas Court case, Ogle was

charged with assault, a fourth-degree felony under R.C. 2903.12(A)&(C)(3).  (Ogle's two

misdemeanor cases were dismissed without prejudice.  According to the Hocking

County Municipal Court's website, both misdemeanor charges were to be handled with

Ogle's felony case in the common pleas court.  See *Hart v. Hudson*, Pickaway App. No.

10CA19, 2010-Ohio-5954, at ¶26 (stating that "a court of appeals may take judicial

notice of findings and judgments as rendered in other Ohio cases") (internal quotation

omitted).)

**{¶3}**        On October 22 and 25, 2010, Ogle requested several documents related to

her various criminal cases.  Ogle made these requests under R.C. 149.43, Ohio's Public

Records Act.  Specifically, Ogle requested the following documents from the Hocking

County Sheriff's Department: (1) the Investigator Notes of Sergeant Kevin Groves for

incident number 09-2855 00 (we will refer to this request as the "Investigator's Notes");

(2) the voluntary statement of Randale G. Thompson that was filed with Ohio Uniform

Incident Report number 09-2203 00 (we will refer to this request as the "Thompson

Statement"); and (3) Ohio Uniform Incident Report Number 09-2203 00 (we will refer to

this request as the "Incident Report").

**{¶4}**        Neither the Hocking County Sheriff nor the Hocking County Prosecuting

Attorney provided Ogle with the requested documents.  And in an October 26, 2010

letter to Ogle's attorney, Hocking County Assistant Prosecuting Attorney William L.

Archer (hereinafter "Archer") explained why Ogle's requests were denied.  In part, the

letter states the following: "Your client has sent the Hocking County Sheriff's Office two (2) new public records requests. These requests cover documents in the criminal case. * * * You were provided with these documents in discovery. If your client desires these documents, then you need to provide them to her. But more importantly, you need to advise your client that any future requests for documents must be made through discovery requests in her pending cases."

{¶5}     On November 2, 2010, Ogle filed a petition for a writ of mandamus in the Hocking County Court of Common Pleas. In her petition, Ogle requested "a Writ of Mandamus, pursuant to Ohio Revised Code 149.43 C(1) [sic], to the Hocking County Sheriff and Hocking County Prosecuting Attorney, to make available to Melanie A. Ogle two certified copies each of the specific public records previously requested by her on October 22 and 25, 2010[.]"

{¶6}     On November 4, 2010, the Hocking County Sheriff's Office and the Hocking County Prosecutor's Office filed a motion to dismiss Ogle's petition for a writ of mandamus.

{¶7}     On December 7, 2010, Ogle filed the first amendment to her petition for a writ of mandamus. In this amendment, Ogle requested "[c]opies of any and all correspondence or record of correspondence with the Ohio Attorney General Bureau of Criminal Identification and Investigation, solely in regard to referring my September 26, 2010 request for investigation of [four individuals] for perjury to the BCI as stated [in the October 26, 2010 letter from Archer to Ogle's attorney]:

**{¶8}**          '***Mrs. Ogle's request*** *for an investigation into alleged perjury claims was* ***referred*** *to the Bureau of Criminal Investigation (**BCI**) Office of the Ohio Attorney General's Office **several weeks ago**."*  (Emphasis sic.)

**{¶9}**          Hocking County Officials did not file a response to the first amendment to Ogle's mandamus petition.

**{¶10}**          On December 13, 2010, Ogle filed a second amendment to her mandamus petition.  Claiming to be a victim of alleged perjury, Ogle requested "a Victim's Rights Pamphlet, pursuant to The Ohio Constitution [section] 1.10a, Ohio Revised Code chapter 2930 and Ohio Revised Code 109.42."  Hocking County Officials did not file a response to this amendment, either.

**{¶11}**          The trial court did not hold a hearing on Ogle's petition for a writ of mandamus.  Instead, the trial court dismissed her petition in an April 21, 2011 entry.

**{¶12}**          Ogle appeals and asserts the following thirteen assignments of error: I. "THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S PETITION FOR WRIT OF MANDAMUS AND AMENDMENTS TO APPELLANT'S PETITION FOR WRIT OF MANDAMUS, TO THE APPELLANTS' [sic] PREJUDICE."  II. "THE TRIAL COURT ERRED IN DISREGARDING THE FACTS STATED IN APPELLANT'S PLEADINGS OF RECORD, TO THE APPELLANTS' [sic] PREJUDICE."  III. "THE TRIAL COURT ERRED IN ITS DISMISSAL ENTRY, MISSTATING THAT '*THE DOCUMENTS SOUGHT INVOLVED A CRIMINAL INVESTIGATION WHICH LED TO AN INDICTMENT FOR AN ALLEGED ASSAULT ON A POLICE OFFICER BEING FILED AGAINST THE PLAINTIFF-PETITIONER'* AND '*THE PROSECUTOR ARGUES THAT SINCE THE CRIMINAL CASE INVOLVING THESE DOCUMENTS IS STILL PENDING'*,

ACCEPTING APPELLEES' UNSUPPORTED PLEADINGS AS FACT, AND DISREGARDING APPELLANT'S SUPPORTING REFERENCES PRESENTED IN PLAINTIFF'S MEMORANDUM CONTRA RESPONDENTS' MOTION TO DISMISS PETITION FOR WRIT OF MANDAMUS, TO THE APPELLANT'S PREJUDICE."  IV. "THE TRIAL COURT ERRED IN FINDING THAT '*THE PROSECUTOR FURTHER ARGUES THAT SINCE THE CRIMINAL CASE INVOLVING THESE DOCUMENTS IS STILL PENDING THAT IT WOULD BE UNETHICAL FOR THE PROSECUTOR TO HAVE DIRECT CONTACT WITH THE PETITIONER*', EVEN THOUGH THE TRIAL COURT WAS AWARE THAT PETITIONER'S PUBLIC RECORDS REQUESTED IN HER ORIGINAL PETITION FOR WRIT OF MANDAMUS WERE NOT TO THE PROSECUTING ATTORNEY'S OFFICE, TO THE APPELLANT'S PREJUDICE."  V. "THE TRIAL COURT ERRED IN RELYING ON APPELLEES' UNSUPPORTED STATEMENTS, STATING THAT '*THESE DOCUMENTS SOUGHT BY PETITIONER HAVE ALREADY BEEN PROVIDED TO DEFENDANT'S RETAINED ATTORNEY THROUGH DISCOVERY UNDER CRIMINAL RULE 16.*', [sic] TO THE APPELLANTS' [sic] PREJUDICE."  VI. "THE TRIAL COURT ERRED IN REJECTING THE FACT THAT EVEN IF APPELLEES COULD PROVE THAT THE DOCUMENTS REQUESTED BY APPELLANT HAD ALREADY BEEN PROVIDED TO DEFENDANT'S RETAINED ATTORNEY THROUGH DISCOVERY UNDER CRIMINAL RULE 16, APPELLANT COULD NOT PERSONALLY USE ANY SUCH UNREDACTED COPIES FOR ANY OTHER PURPOSE, TO THE APPELLANTS' [sic] PREJUDICE."  VII. "THE TRIAL COURT ERRED IN FINDING THAT THE DOCUMENTS SOUGHT BY THE APPELLANT ARE EXCEPTED FROM THE PUBLIC RECORDS REQUEST UNDER

OHIO REVISED CODE 149.43(a)(i)(g) [sic], TO THE APPELLANTS' [sic] PREJUDICE."

VIII. "THE TRIAL COURT ERRED IN FINDING THAT '*THE REQUESTED RECORDS ARE TRIAL PREPARATION RECORDS, OR CONFIDENTIAL LAW ENFORCEMENT RECORDS INVOLVING A PENDING CRIMINAL PROCEEDING'*, TO THE APPELLANTS' [sic] PREJUDICE."  IX. "THE TRIAL COURT ERRED IN APPLYING STATE EX REL. STECKMAN VS. JACKSON (1994) 70 OH ST 3RD, 420, 639 N.E. 2ND 83 TO APPELLANT'S PUBLIC RECORDS REQUEST TO DISMISS PETITIONER'S PETITION FOR WRIT OF MANDAMUS, TO THE APPELLANTS' [sic] PREJUDICE."  X. "THE TRIAL COURT ERRED IN STATING THAT PETITIONER '*IS NOT THE VICTIM OF ANY CRIMINAL CHARGES PENDING AGAINST ANY OTHER PERSON'*, EVEN THOUGH JUDGE LUSE PERSONALLY WAS AWARE OF AFFIDAVITS OF CRIMINAL CHARGES, PURSUANT TO ORC 2935.09, FILED BY APPELLANT AGAINST JASON STACY AND KEVIN T. GROVES IN THE HOCKING COUNTY COMMON PLEAS COURT UNDER INVESTIGATION BY SPECIAL PROSECUTOR APPOINTED BY JUDGE THOMAS H. GERKEN, AND THAT SUCH CHARGES WERE SCHEDULED BEFORE THE GRAND JURY FOR MAY 12, 2011, (RESCHEDULED TO AUGUST 17, 2011), TO THE APPELLANTS' [sic] PREJUDICE."  XI. "THE TRIAL COURT ERRED WHEN IT DID NOT HOLD AN EVIDENTIARY HEARING ON APPELLEES' MOTION TO DISMISS AND APPELLANT'S MEMORANDUM CONTRA TO APPELLEES' MOTION TO DISMISS, TO APPELLANT'S PREJUDICE."  XII. "THE TRIAL COURT ERRED WHEN IT DID NOT HEAR THE APPELLANTS' [sic] MOTION FOR SUMMARY JUDGMENT, TO APPELLANT'S PREJUDICE."  And, XIII. "THE TRIAL COURT ERRED WHEN IT DID NOT HEAR THE APPELLANT'S MOTION TO VACATE

JOURNAL ENTRY (DISMISSING PETITION FOR WRIT OF MANDAMUS) AND FOR

ORAL HEARING ON PLAINTIFF'S MOTION TO VACATE AND PLAINTIFF'S

PETITION FOR WRIT OF MANDAMUS, TO APPELLANT'S PREJUDICE."

II.

**{¶13}** We will address Ogle's thirteen assignments of error together. For various

reasons, Ogle contends that the trial court should have granted her petition for a writ of

mandamus. But here, we find that Ogle's petition does not meet the requirements for

mandamus relief.

**{¶14}** "'Mandamus is the appropriate remedy to compel compliance with R.C.

149.43, Ohio's Public Records Act.'" *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd.*

*of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, at ¶17, quoting *State ex rel.*

*Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108

Ohio St.3d 288, 2006-Ohio-903, at ¶6; R.C. 149.43(C). "We review a trial court's denial

of a writ of mandamus under the abuse of discretion standard." *Athens Cty. Commrs. v.*

*Ohio Patrolmen's Benevolent Association*, Athens App. No. 06CA49, 2007-Ohio-6895 at

¶45, citing *Truman v. Village of Clay Center*, 160 Ohio App.3d 78, 83, 2005-Ohio-1385.

An abuse of discretion connotes more than a mere error of judgment; it implies that the

court's attitude is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*

(1983), 5 Ohio St.3d 217, 219.

**{¶15}** "In order to be entitled to a writ for mandamus, appellant must establish (1) a

clear legal right to the requested relief, (2) a clear legal duty to perform these acts on

the part of [the appellees], and (3) the lack of a plain and adequate remedy in the

ordinary course of law." *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 16, 1996-Ohio-

231, citing *State ex rel. Carter v. Wilkinson*, 70 Ohio St.3d 65, 1994-Ohio-245.

However, "the requirement of the lack of an adequate legal remedy does not apply to

public-records cases." *State ex rel. Gaydosh v. Twinsburg*, 93 Ohio St.3d 576, 580,

2001-Ohio-1613, citing *State ex rel. Dist. 1199, Health Care & Soc. Serv. Union, SEIU,*

*AFL-CIO v. Lawrence Cty. Gen. Hosp.*, 83 Ohio St.3d 351, 354, 1998-Ohio-49.

Furthermore,"[w]e construe R.C. 149.43 liberally in favor of broad access and resolve

any doubt in favor of public records." *State ex rel. Toledo Blade Company* at ¶17, citing

*State ex rel. Carr v. Akron*, 112 Ohio St.3d 351, 2006-Ohio-6714, at ¶29.

　　　　i. The Investigator's Notes, Thompson's Statement, and the Incident Report

**{¶16}**　　As it relates to (1) the Investigator's Notes, (2) Thompson's Statement, and

(3) the Incident Report, we find that Ogle does not have a clear legal right to the

requested relief.　The Supreme Court of Ohio has held that "a defendant may use only

Crim.R. 16 to obtain discovery." *State ex rel. Steckman v. Jackson* (1994), 70 Ohio

St.3d 420, 429.　And here, (1) the Investigator's Notes, (2) Thompson's Statement, and

(3) the Incident Report are all part of criminal prosecutions against Ogle.　Therefore,

because Ogle could have obtained these items only under Crim.R. 16, she does not

have a clear legal right to relief.

**{¶17}**　　According to Hocking County Officials, Ogle received (1) the Investigator's

Notes, (2) Thompson's Statement, and (3) the Incident Report through the normal

discovery process.　In the proceedings below, Ogle did not dispute receiving either

Thompson's Statement or the Incident Report.　But Ogle claimed that she did not

receive the Investigator's Notes.　Regardless of whether Ogle actually received the

Investigator's Notes, we find that mandamus relief would be improper.　Again, the

Investigator's Notes are part of a criminal prosecution against Ogle. Therefore, assuming that she received the Investigator's Notes through discovery, Ogle does not have a clear legal right to obtain them again in a mandamus action. See *State ex rel. Steckman* at 429. Now, let us assume that Ogle never received the Investigator's Notes during the criminal proceedings. If the Investigator's Notes are subject to discovery, she may use only Crim.R. 16 to obtain them. And if the Investigator's Notes are not subject to discovery, they are "not subject to release as a public record pursuant to R.C. 149.43 and [are] specifically exempt from release as a trial preparation record in accordance with R.C. 149.43(A)(4)." *State ex rel. Steckman* at paragraph three of the syllabus. Therefore, regardless of whether Ogle actually received the Investigator's Notes, she does not have a clear legal right to the requested relief.

**{¶18}** Accordingly, as it relates to (1) the Investigator's Notes, (2) Thompson's Statement, and (3) the Incident Report, we find that Ogle's petition does not meet the requirements for mandamus relief.

ii. Correspondence Related to the Perjury Investigation

**{¶19}** Regarding any correspondence related to the perjury investigation, we find that Ogle does not have a clear legal right to the requested relief. Under R.C. 149.43(A)(1)(g), "'Public record' does not mean * * * [t]rial preparation records[.]" The Revised Code defines a "trial preparation record" as "any record that contains information that is specifically compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding, including the independent thought processes and personal trial preparation of an attorney." R.C. 149.43(A)(4). In his October 26, 2010 letter to Ogle's attorney, Archer stated that "Mrs. Ogle's request for an investigation into

alleged perjury claims was referred to the Bureau of Criminal Investigation (BCI) Office of the Ohio Attorney General's Office several weeks ago." (Emphasis removed.) As a result, any correspondence between Hocking County Officials and BCI would necessarily contain information that was specifically compiled in reasonable anticipation of a perjury prosecution. Therefore, this correspondence is not subject to disclosure under the Ohio Public Records Act.

**{¶20}** Accordingly, as it relates to the requested correspondence, we find that Ogle's petition does not meet the requirements for mandamus relief.

### iii. The Victims' Rights Pamphlet

**{¶21}** As it relates to the Victims' Rights Pamphlet, we find that Ogle does not have a clear legal right to the requested relief. Here, Ogle has not demonstrated that she is the "victim" of any crime. Ogle claims to be the victim of perjury. But as far as we can tell, perjury charges have not been filed against the individuals named in the first amendment to Ogle's mandamus petition. See R.C. 2930.01(H). Therefore, Ogle cannot demonstrate that she has a clear legal right to the Victims' Rights Pamphlet. See R.C. 109.42(B).

**{¶22}** Accordingly, as it relates to the Victims' Rights Pamphlet, we find that Ogle's petition does not meet the requirements for mandamus relief.

### III.

**{¶23}** Because Ogle's petition does not meet the requirements for mandamus relief, we find that denying Ogle's petition was not an abuse of the trial court's discretion. As a result, we need not address all of Ogle's arguments on appeal. Our mandamus findings have rendered these additional arguments moot. See App.R. 12(A)(1)(c).

**{¶24}**     Accordingly, we affirm the judgment of the trial court.

                                                                **JUDGMENT AFFIRMED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J.:     Concurs in Judgment and Opinion.
McFarland, J:  Concurs in Judgment Only as to Parts I and III.
                       Dissents as to Part II.


                               For the Court


                               BY:_____
                                    Roger L. Kline, Judge




## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**