JACKSON et al., Appellants,

v.

GLIDDEN COMPANY et al., Appellees.

[Cite as *Jackson v. Glidden Co.* (1995), 98 Ohio App.3d 100.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66085.

Decided Jan. 13, 1995.

*Harvey B. Bruner & Assoc., Harvey B. Bruner* and *Michael J. O'Shea,* for appellants.

*Bertsch, Millican & Winslow, James T. Millican* and *Robert J. Koeth; Dick Jambor,* for appellee Glidden Company.

*Donald A. Bright* and *Dean M. Harris,* for appellee Atlantic Richfield Company.

*Dickie, McCamey & Chilcote* and *James R. Miller*, for appellee PPG.

*James D. Shomper*, for appellee E.I. Du Pont de Nemours & Co.

*Samuel Friedman*, for appellee SCM Chemicals.

*John W. Lebold* and *Dale Normington*, for appellee Sherwin–Williams Company.

*James Lowery*, for appellee Westinghouse Electric Corp.

*Porter, Wright, Morris & Arthur, Richard M. Markus* and *Hugh E. McKay; Arnold & Porter, Otis Pratt Pearsall, Philip H. Curtis, Reuben S. Koolyk, Murray R. Garnick* and *Maureen E. McGirr; Gallagher, Fulton, Sharp & Norman, James G. Gowan* and *Paul J. Schumacher; Crowley, Barrett & Karaba* and *Charles W. Siragusa; Reminger & Reminger, Nicholas J. Milanich* and *Davis Ross; Sullivan, Sullivan & Pinta, Mary Morrissey Sullivan, Mark L. Sullivan* and *Michael Griffin; Ulmer & Berne* and *Timothy M. Fox; Kirkland & Ellis, John M. Walker* and *Timothy S. Hardy; Buckley, King & Bluso* and *Richard J. DiSantis; Popham, Haik, Schnobrich & Kaufman* and *Michael Nilan; Jones, Day, Reavis & Pogue, Charles H. Moellenberg, Jr., Paul M. Pohl* and *Marc L. Swartzbaugh; Kramer & Tobocman Co., L.P.A.,* and *Edward G. Kramer; Weston, Hurd, Fallon, Paisley & Howley* and *Gary W. Johnson*, for other appellees.

*Edward G. Kramer; Renee Heller* and *Angela Thiel*, Legal Interns, for *amicus curiae* The Housing Law Clinic.

---

JAMES D. SWEENEY, Judge.

Plaintiff-appellant Renita Jackson and her children, Ramon Manuel, and Maria Jackson, appeal from the trial court's order granting the motion to dismiss filed by the defendant-appellee NL Industries, and joined in by all of the remaining defendants-appellees. The amended complaint was filed on behalf of the appellant children and all other children similarly situated and alleged that the appellant children, Ramon Manuel and Maria Jackson, were poisoned from exposure to significant quantities of lead contained in the paint of the premises where they lived. The appellees are lead paint and lead pigment manufacturers, and the Lead Industries Association, an organization which lobbies and carries out activities nationwide on behalf of its members.

The appellants set out thirteen causes of action: absolute product liability, negligence *per se*, negligence, breach of implied warranties, breach of express warranties, fraud by misrepresentation, nuisance, enterprise liability, negligent infliction of emotional distress, alternative liability, market share liability, and punitive damages.

In essence, the appellants allege that the appellees are responsible for the manufacturing, promotion, selling, distributing, supplying or applying lead and/or lead paint products which were used in painting, staining, construction of, and the maintenance and remodeling of, homes, residences and buildings in Ohio.

The trial court granted the motion of the appellees to hold the motion for class certification in abeyance and, on July 29, 1993, the trial court granted the motion to dismiss as to all defendants-appellees. The court held:

"All defendants in the within action having joined in the Motion of NL Industries, Inc. to dismiss the Amended Complaint, or, in the alternative to strike each separate count of the Complaint is hereby *GRANTED,* as the theories of enterprise liability, market share liability and alternative liability cannot substitute under Ohio law for an allegation and proof that each or any defendant proximately caused the alleged injuries. All other motions outstanding are MOOT.

"FINAL."

The appellants set forth five assignments of error.

The appellants' first assignment of error:

"I

"The trial court erred as a matter of law in preventing appellants from receiving a hearing or decision on the certification motion."

The appellants argue that the trial court abused its discretion when it held the ruling on the motion for class certification in abeyance until the ruling on the motion to dismiss was given. The appellants contend that the trial court erred in entering its pretrial case management order, and that judicial economy would have been better served to rule on the motion for class certification in conjunction with the motion to dismiss so that the issues could have been appealed together.

Rulings on motions for class certification are within the sound discretion of the trial court. *Shaver v. Std. Oil Co.* (1990), 68 Ohio App.3d 783, 589 N.E.2d 1348. The trial court must control its docket and the orderly progression of its cases. In order to do so, the judge in the case *sub judice* issued a pretrial management order. The court ruled that both the class action determination and discovery would be deferred until the disposition of the motions to dismiss. The trial court did not abuse its discretion in controlling in an orderly fashion the litigation before it.

The appellants' first assignment of error is overruled.

The appellants' second, third, and fourth assignments of error will be considered together:

"II

"The trial court erred as a matter of law in granting the appellees' NL motion when it determined that 'enterprise liability' does not apply to the product identification issue.

"III

"The trial court erred as a matter of law in granting appellees' NL motion when it determined that 'alternative liability' does not apply to the product identification issue.

"IV

"The trial court erred as a matter of law in granting appellees' NL motion when it determined that 'market share liability' does not apply to the product identification issue."

The appellants argue that the trial court erred in granting the motion to dismiss filed by NL Industries. In granting a motion to dismiss filed pursuant to Civ.R. 12(B)(6), the trial court must keep in mind that the standard for granting such a motion is in accord with the notice pleading requirements of both the Federal and the Ohio Rules of Civil Procedure. A plaintiff is not required to prove the case, and as long as a set of facts which would allow the plaintiff to recover is set forth in the complaint, the court may not grant the motion to dismiss. *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 573 N.E.2d 1063.

The Supreme Court in *York* clearly enunciated the standard to be applied when granting a motion to dismiss:

" * * * In *O'Brien v. University Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, this court set forth the standard for granting a motion to dismiss pursuant to Civ.R. 12(B)(6). Specifically, we held that in order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear ' "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ' *O'Brien* at 245, 71 O.O.2d at 224, 327 N.E.2d at 755, citing *Conley v. Gibson* (1957), 355 U.S. 41, 45 [78 S.Ct. 99, 101, 2 L.Ed.2d 80, 84]. In the recent case of *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753, we elaborated upon this standard, noting that '[i]n construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party.' *Id.* at 192, 532 N.E.2d at 756, citing 2A Moore, Federal Practice (1985) 12–63, Paragraph 12.07 [2.–5]." *York*, 60 Ohio St.3d at 144, 573 N.E.2d at 1064–1065.

The following facts alleged in Paragraph 12 of the amended complaint must therefore be taken as true: the appellees participated in practically and/or substantially all processing, manufacturing, designing, developing, testing, packaging, inspection, selling, distributing, supplying, delivering, marketing and/or applying of products with lead and/or white lead pigments, including dry white lead carbonate, dry white lead sulphate and white lead-in-oil for the use in paint/varnish production (collectively "lead paint products"). Paragraph 13 alleges that the appellees acted individually as well as in concert with each other, jointly and severally, manufactured, sold, promoted, distributed, supplied and/or applied lead products or lead paint products.

The appellants argue in the second, third and fourth assignments of error that the trial court erred in refusing to recognize the theories of enterprise liability, market share liability, and alternative liability under Ohio law.

In the second assignment of error, the appellants correctly point out that enterprise liability was recognized in *Hall v. E.I. Du Pont de Nemours & Co.* (E.D.N.Y.1972), 345 F.Supp. 353. The plaintiffs in *Hall* alleged that the defendants' conduct combined to cause injury at the point of the labeling and designing of blasting caps. Children throughout the country suffered injuries. The court held that to establish enterprise liability, the plaintiffs would have to demonstrate the defendants' joint awareness of the risks at issue and their joint capacity to reduce or affect those risks. The court emphasized the applicability to industries composed of a small number of units. The court specifically stated at 378: "What would be fair and feasible with regard to an industry of five or ten producers might be manifestly unreasonable if applied to a decentralized industry composed of thousands of small producers."

Here, the amended complaint alleges that the appellees "acting together and united in the joint prosecution of a purpose, and in a community of interest, created, promoted, directed, governed and adhered to an industry-wide standard of safety in the manufacture, promotion, selling, distributing, supplying and/or applying of lead products or lead paint." The appellants also asserted that the industrywide safety standard was insufficient and inadequate, and that the injuries sustained by the plaintiffs were directly and proximately caused by the use of the lead products and/or lead paint products produced and promoted by the defendants under and in adherence to the industrywide standard.

Assuming, as we must, that these allegations are true, the appellants have failed to establish that the theory of enterprise liability applies to this action. The appellants have not alleged that the appellees delegated the safety responsibility to the trade association, that the appellees were jointly aware of the risks at issue, or that in their joint capacity appellees could have reduced or affected

those risks. The appellants have alleged only that the appellees, with a joint purpose, adhered to an inadequate industry standard. This is not sufficient.

The appellants' second assignment of error is overruled.

In the third assignment of error, the appellants assert the theory of alternative liability. The amended complaint alleges that two or more of the appellees committed the tortious acts, that through no fault of their own, the appellants are unable to identify which of the appellees manufactured and/or produced a lead product and/or lead paint product causing their injuries, that the appellees manufactured and/or produced substantially all lead products or lead paint products, and that all of the lead products produced and/or manufactured by the appellees were virtually identical because all share the same defective qualities: poisonous lead.

In *Minnich v. Ashland Oil Co.* (1984), 15 Ohio St.3d 396, 15 OBR 511, 473 N.E.2d 1199, the Ohio Supreme Court recognized the theory of alternative liability. The court held in its syllabus:

"Where the conduct of two or more actors is tortious, and it is proved that harm has been caused to the plaintiff by only one of them, but there is uncertainty as to which one has caused it, the burden is upon each such actor to prove that he has not caused the harm. (2 Restatement of the Law 2d, Torts, Section 433[B][3], adopted.)"

The court stated that the shifting of the burden of proof avoids the injustice of permitting proved wrongdoers, who among them have inflicted an injury upon an innocent plaintiff, to escape liability merely because the nature of their conduct and the resulting harm have made it difficult or impossible to prove which of them have caused the harm.

The court specifically held that the plaintiff must still prove (1) that two or more defendants committed tortious acts, and (2) that plaintiff was injured as a proximate result of the wrongdoing of one of the defendants. The burden then shifts to the defendants to prove that they were not the cause of the plaintiff's injuries. The court noted that there were multiple defendants, but a single proximate cause.

In *Goldman v. Johns–Manville Sales Corp.* (1987), 33 Ohio St.3d 40, 514 N.E.2d 691, the court cited *Minnich,* and reiterated the two-step analysis necessary to apply alternative liability. The court held that both alternative liability and market share liability were methods of relaxing the requirement that the plaintiff identify which one of a group of negligent tortfeasors caused plaintiff's injury. In *Goldman,* the court upheld the trial court's ruling that granted the defendants' motion for summary judgment, and held that there was

no evidence that all defendants acted tortiously. See, also, *Fiorella v. Ashland Oil, Inc.* (1993), 92 Ohio App.3d 411, 635 N.E.2d 1306.

■ Here, where the allegations of the complaint are taken as true, the appellants' amended complaint states that the appellees committed tortious acts and that the appellants were injured as the proximate result of those acts. These allegations are sufficient to meet the burden set out by the Supreme Court in *Minnich* and in *Goldman*. The appellants have set forth sufficient allegations to withstand a motion to dismiss, even though all potential defendants have not been joined in the action.

The appellants' third assignment of error is well taken.

The appellants' fourth assignment of error asserts that the appellees may be held accountable under the theory of market share liability. The amended complaint alleges that the appellees manufactured, promoted, sold, distributed, supplied and/or applied a substantial share of all of the lead products and/or lead paint products in the state of Ohio; that lead products and/or lead paint products are completely fungible commodities; and that as a direct and proximate result of the appellees' activities, any and all of the appellees have caused injury to the appellants.

In *Goldman, supra*, the court held that market share liability is fundamentally a theory of assessing liability, and was advanced by the California Supreme Court in *Sindell v. Abbott Laboratories* (1980), 26 Cal.3d 588, 163 Cal.Rptr. 132, 607 P.2d 924, to provide redress where alternative liability was inapplicable. In *Sindell*, the court was faced with a class action brought by daughters of women who had taken DES during pregnancy. The daughters developed a rare form of cancer years later.

The *Sindell* court based the market share theory on the fungibility of a drug that is harmful to consumers, but which cannot be traced to a specific producer. The court held that as long as a substantial share of the market was present in the suit as defendants, each defendant could be held liable for the proportion of the judgment represented by its share of the market unless that defendant could demonstrate that it could not have made the product which caused the plaintiff's injuries.

In *Goldman*, the Ohio Supreme Court held that market share liability is inappropriate as a viable theory of recovery in asbestos litigation, especially where it cannot be shown that all the products to which the injured party was exposed are completely fungible.

■ In the case *sub judice*, the appellants have alleged that lead paint and lead paint products are completely fungible, and that a substantial share of all of

the lead paint producers in the state are present in the suit. These allegations are sufficient, when viewed as true, to require the denial of the appellees' motion to dismiss.

The appellants' fourth assignment of error is well taken.

The appellants' fifth assignment of error:

"V

"If enterprise liability, alternative liability and market share liability are interpreted as being inapplicable to the facts and injuries at bar, then such interpretation violates both or either the Due Process Clause or the Right to Remedy Clause of the Ohio Constitution."

In light of the ruling on the third and fourth assignments of error, this assignment of error is moot under App.R. 12.

The judgment is affirmed in part and reversed in part, and the cause is remanded in part.

*Judgment accordingly.*

NAHRA, C.J., and WEAVER, J., concur.