OPINION
{¶ 1} This matter is before us on a timely notice of appeal from an order entered by the court of common pleas on January 26, 2004, denying Defendant-Appellant's Crim. R. 33(A)(6) motion for new trial. That rule permits the court to order a new trial "[w]hen new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial." Per division (B) of Crim. R. 33, the motion must be filed within one hundred and twenty days after the verdict, unless "it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence on which he must rely . . ."
 {¶ 2} On December 13, 2000, a jury returned verdicts finding Defendant-Appellant Charles Martin guilty of multiple offenses arising from the shooting death of a woman that took place on April 26, 2000. The shooting occurred on the roadway of Salem Avenue, a busy thoroughfare in the City of Dayton. Defendant Martin was eventually sentenced to serve a term of life imprisonment plus fifty-five years.
 {¶ 3} Martin filed a motion for a new trial pursuant to Crim. R.
 {¶ 4} 33(A) on October 6, 2003. Attached to the motion was an affidavit of Darron Fitch, who stated that he had witnessed the shooting while traveling on Salem Avenue and that Defendant Martin, who was known to him, was not the shooter. Fitch, who was incarcerated, further stated that he had been unaware that Martin was convicted of the crime until the matter recently came to his attention. Martin also attached his own affidavit stating that Fitch's exculpatory evidence was unknown to him earlier.
 {¶ 5} The trial court conducted a hearing on the motion for new trial on January 16, 2004. Fitch testified, as did Martin. Both denied any contact or collusion.
 {¶ 6} The State offered evidence in the form of jail records showing that both Martin and Fitch had been incarcerated in the Montgomery County Jail over the same one-month period in 2002. The State also offered the testimony of Donald Otto, Chief Investigator for the Montgomery County Prosecutor, who stated that when he interviewed Fitch concerning his affidavit after Martin's motion had been filed, Fitch stated that Martin "came to me and asked me say this, and it took him a while to get me to do this." (T. 82).
 {¶ 7} At the conclusion of the hearing the court orally denied Martin's Crim. R. 33(A)(6) motion, finding neither Fitch's affidavit nor his testimony was credible. (T. 91). The court journalized an order so stating on January 26, 2004. Defendant's notice of appeal from that order was filed on February 23, 2004.
 {¶ 8} Defendant Martin's appointed counsel filed his appellant's brief containing two assignments of error on June 7, 2004. Martin subsequently filed a pro se Appellant's brief on July 23, 2004. Inasmuch as Martin is represented, his pro se brief is redundant and is struck from the record of this appeal.
 {¶ 9} First Assignment of Error
 {¶ 10} "The trial court erred denying appellant a new trial."
 {¶ 11} The order of January 26, 2004, from which this appeal was taken denied the Crim. R. 33(A)(6) motion for a new trial that Defendant-Appellant had filed on October 6, 2003. In this assignment of error, Martin relies on R.C. 2953.21, which governs the procedures for post-conviction relief upon a showing of certain causes. The two provisions are wholly different, and the rules governing one are distinct from the rules governing the other.
 {¶ 12} As it happens, in a prior appeal we reversed an order denying as untimely an R.C. 2953.21 petition for post-conviction relief that Martin had filed, holding that Martin showed that he was unavoidably prevented from obtaining the affidavits of certain alibi witnesses which were attached to his petition, so as to have been unable to file his petition within the time required by R.C 2953.21. State v. Martin (January 9, 2004), Montgomery App. No. 20024. We remanded the case for further proceedings on the motion, expressing no opinion on whether hearings would be required in order to rule on its merits. Id.
 {¶ 13} Martin relies on our prior holding in the present appeal, arguing that the Fitch affidavit is likewise deserving of consideration. That contention fails, for two reasons.
 {¶ 14} First, though Martin's Crim. R. 33(A)(6) motion was filed out of time, the court did not reject it for that reason. Therefore, whether Martin was unavoidably prevented from obtaining Fitch's affidavit at some earlier time was not in issue, as it was in Martin's prior appeal.
 {¶ 15} Second, and unlike in Martin's prior appeal, in the present case the court took evidence on the grounds for relief in Martin's motion and rejected the motion on its merits, finding that the witness whose testimony constituted the purported new evidence was not credible. Though the court cited several reasons for so holding, including Fitch's record of convictions, it relied primarily on Donald Otto's testimony that Fitch told Otto that Martin had solicited Fitch's assistance. That flatly contradicted the testimony of both men that they had had no contact about the matter until Martin received Fitch's unsolicited affidavit, undermining Fitch's credibility.
 {¶ 16} Crim. R. 33(A)(6) applies to "new evidence material to the defense." That materiality standard doesn't specifically contemplate a credibility assessment of the evidence offered. However, when the evidence is offered after the one hundred and twenty day time limit has passed, the defendant must show (1) that it is new evidence, (2) which he was unavoidably prevented from discovering within the time limit, (3) that it is based on fact, and (4) that such evidence is being proffered in good faith. 2 Baldwin's Ohio Practice, Section 79:9. The latter two considerations do contemplate a credibility assessment of the movant on any witness through whom the evidence is offered.
 {¶ 17} Questions of credibility are primarily for the trial court to determine. State v. DeHass (1967), 10 Ohio St.2d 230. On this record, we cannot find that the trial court abused its discretion when it found that Fitch's testimony lacked credibility, or when, having so found, the court denied Defendant-Appellant Martin's motion for a new trial.
 {¶ 18} The first assignment of error is overruled.
 {¶ 19} Second Assignment of Error
 {¶ 20} "The trial court erred in admitting improperly authenticated evidence."
 {¶ 21} In order to show that Defendant-Appellant Martin and Fitch had an opportunity for collusion, the State offered evidence showing that the two were incarcerated in the Montgomery County Jail during March of 2002. The evidence was in the form of copies of jail records, which were admitted through the testimony of Sheriff's Deputy Jeffrey C. Vest, who stated that the records were maintained and controlled by him (T. 60) in the ordinary course of jail business. (T. 62-63).
 {¶ 22} Defendant objected that the records were not properly authenticated. The trial court overruled the objection, holding that they are public records and therefore admissible per Evid. R. 803.
 {¶ 23} Evid. R. 803 is not a rule of admissibility. It merely sets out certain exceptions to the bar against the use of hearsay evidence in Evid. R. 802. To be admissible, such evidence must satisfy the relevance requirements of Evid. R. 401 and, where it is necessary, be accompanied by extrinsic evidence of authenticity per Evid. R. 902.
 {¶ 24} Evid. R. 803(8) excepts public records and reports from the hearsay bar. However, to be admissible, the record must satisfy the self-authentication requirements of Evid. R. 902; that it is a domestic public document under seal, or one bearing the signature of a public officer who prepared the document if another officer under whose seal it was prepared certifies "that the signer has the official capacity and that the signature is genuine." Evid. R. 902(2).
 {¶ 25} No evidence satisfying the requirements of Evid. R. 902 was offered to support the admissibility of the jail records introduced through the testimony of Deputy Vest. Therefore, the trial court erred when it admitted them as public records. Nevertheless, we believe the records satisfied the more lenient requirements of the business records exception in Evid. R. 803(6).
 {¶ 26} Evid. R. 803(6) is the business records exception to the rule against hearsay. To satisfy the exception, the record must be one regularly recorded in a regular business activity; must have been entered by a person with knowledge of the act, event, or transaction concerned; must have been recorded at or near the time of the transaction; and, a foundation must be laid by a "custodian" of the record or by some other qualified witness. McCormick v. Mirrored Image (1982), 7 Ohio App.3d 282, citing Schmitt v. Doehler Die Casting Co. (1944), 143 Ohio St. 421. The exception is given statutory support by R.C. 2317.40, which provides: "A record of an act, condition, or event, in so far as relevant, is competent evidence if the custodian or the person who made such record or under whose supervision such record was made testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition, or event, and if, in the opinion of the court, the sources of information, method, and time of preparation were such as to justify its admission."
 {¶ 27} Under Evid. R. 803(6), the proper testimony of a custodian authenticates the record, so no extrinsic selfauthentication evidence contemplated by Evid. R. 902 is required. Deputy Vest's testimony concerning his duties in relation to the records concerned satisfies that requirement. Neither the application of the other requisites of Evid. R. 803(6), nor whether the court could or should have been satisfied concerning the further requirement of R.C. 2317.40, are subject to serious question.
 {¶ 28} The second assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, P.J. and Young, J., concur.