[Cite as *State v. Ogle*, 2013-Ohio-3770.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 13CA9 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| MELANIE OGLE, | : | ENTRY |
| | : | |
| Defendant-Appellant. | : | **Released: 08/21/13** |

_____
APPEARANCES:

Melanie Ogle, Rockbridge, Ohio, Pro Se Appellant.

Timothy P. Gleeson, Special Prosecuting Attorney, Logan, Ohio, for
Appellee.
_____

McFarland, P.J.

{¶ 1} Defendant-Appellant Melanie Ogle appeals the March 8, 2013

judgment entry of the Hocking County Common Pleas Court denying her

motion for leave to file a motion for new trial. Appellant contends the trial

court erred in denying the motion for two reasons: (1) the judgment entry

denying her motion was not signed by a judge or acting judge and (2) the

trial court made no finding that she was unavoidably prevented from

discovering alleged new evidence she presented in her motion. Having

reviewed the record and the pertinent law, we find no error on the part of the

trial court.  We therefore overrule Appellant's sole assignment of error and dismiss her most recent appeal.

FACTS

{¶ 2}  In August 2011, Melanie Ogle (hereinafter "Appellant") was convicted by a jury of her peers in the Hocking County Court of Common Pleas of assault on a peace officer. Various appeals have followed Appellant's felony conviction.  The events serving as a backdrop to Appellant's  felony conviction and the instant appeal are set forth in detail in *State v. Ogle,* 4th Dist. Nos. 11CA29, 11CA32, 12CA2, 12CA11, 12CA2, 12CA19, 2013-OH-3420, 2013WL3988782.

{¶ 3}  The facts relevant to this appeal are as follows.  Appellant's criminal trial took place in August 2011. Deputy Trent Woodgeard of the Hocking County Sheriff's Department testified Appellant kicked him in the groin area during a scuffle on Appellant's property.  Woodgeard testified the kick took place when Appellant and he were standing between a black SUV and the Ogles' pickup truck. [1]

{¶ 4}  During trial, the State also offered a recorded statement of Appellant's husband, Charles Ogle, taken by Sgt. Kevin Groves of the Hocking County Sheriff's Department shortly after the assault occurred. The

---

[1] In our previously-referenced opinion of the consolidated appeal, we found Woodgeard to be in the performance of official duties as a peace officer during the assault. *Ogle, supra* at ¶ 39.

trial court ruled against the State's request to use the statement. However, after Charles Ogle testified on behalf of the defense and made contradictory statements, the trial court allowed the recording to be played for impeachment purposes. Charles Ogle further acknowledged "the audio was correct as a whole."

{¶ 5} Since Appellant's felony conviction, she has filed a separate civil proceeding in federal court styled *Charles R. Ogle, et al., v. Hocking County, et al.,* Case No. 10CV00806, United States District Court, S.D.E.D. For the federal court case, Deputy Woodgeard testified in deposition on December 12, 2012. In his deposition testimony, he testified to the events occurring before, during, and after Appellant kicked him. Specifically Woodgeard testified Appellant kicked him while both parties were on the driver's side of the SUV.

{¶ 6} Appellant's current appeal stems from the denial of a January 28, 2013 Crim.R. 33(B) motion for leave. Appellant' motion for leave argued she was unavoidably prevented from discovering new evidence that Deputy Woodgeard and Sergeant Groves perjured themselves at her criminal trial. Appellant contends Woodgeard's trial testimony about the location of where he was kicked differed from the location he testified to in his 2012 deposition. Appellant argues this differing testimony was newly discovered

information not disclosed to her prior to her August 2011 trial. Appellant attached a copy of Woodgeard's deposition testimony to her motion for leave.[2]

{¶ 7} Appellant also contends Sgt. Kevin Groves committed perjury in her criminal trial. She attached personnel records of Sgt. Groves to her motion. The records indicate Groves was disciplined by the Hocking County Sheriff on September 24, 2012, pursuant to an internal investigation. Appellant argues Groves' misconduct and lying in two separate cases in 2012 (not related to hers) is also newly discovered information which was unavailable to her at the time of her trial.

{¶ 8} Appellee does not dispute Woodgeard's federal court deposition testimony and Groves' misconduct and resignation constitute information unavailable to Appellant at the time of her 2011 trial, or within 120 days of her conviction. Appellee does dispute this information constitutes newly discovered evidence of a material nature, pursuant to Crim.R. 33(A).

> I. ASSIGNMENT OF ERROR.
> THE TRIAL COURT ERRED TO THE PREJUDICE OF
> DEFENDANT-APPELLANT AS A MATTER OF LAW
> IN DENYING HER MOTION FOR LEAVE TO FILE A

---

[2] Woodgeard's federal court deposition testimony was attached to the motion for leave. The record does not indicate the deposition was filed with the court by either Appellant or the court reporter taking the deposition. Civil Rule 32(A) provides "Every deposition intended to be presented as evidence must be filed at least one day before the day of trial or made part of the record before us."

MOTION FOR NEW TRIAL BY WAY OF ITS
MARCH 8, 2013 ENTRY.


A.  STANDARD OF REVIEW

{¶ 9}  "Generally, a decision on a motion for a new trial is within the discretion of the trial court." *State v. Lusher,* 982 N.E. 2d 1290,  2012-Ohio-5526, 2012 WL 5984932, ¶ 25, citing *State v. Ward*, 4th Dist. No. 05CA13, 2007-Ohio-2531, 2007 WL 1518611, ¶ 41, citing *State v. Schiebel,* 55 Ohio St. 3d 71, 564 N.E. 2d 54 (1990), paragraph one of the syllabus. Accordingly, we will not reverse a trial court's decision on a motion for a new trial absent an abuse of discretion.  *State v. Nichols,* 4th Dist. No. 11CA912, 2012-Ohio-1608, 2012 WL 1204015, ¶ 61.

{¶ 10}  The 10th District Court of Appeals has held an abuse of discretion standard is to be applied in reviewing a court's denial of a motion for leave to file a motion for new trial.  *State v. Anderson,* 10th Dist. No. 12AP-133, 2012-Ohio-4733, 2012 WL 4848949, at ¶ 9, citing *State v. Townsend,* 10th Dist. No. 08AP-371, 2008-Ohio-6518, 2008 WL 5196493, ¶ 8.  In addition, "[I]t is not sufficient for an appellate court to determine that a trial court abused its discretion simply because the appellate court might not have reached the same conclusion or is, itself, less persuaded by the trial court's reasoning process than by the countervailing arguments."  *Anderson,*

supra, quoting *State v. Morris,* 132 Ohio St. 3d 337, 972 N.E.2d 528 (2012), at ¶ 14.

## B.  LEGAL ANALYSIS

1. The Judge's signature on the entry denying Appellant's motion for leave.

{¶ 11}  Appellant argues the court's March 8, 2013 entry denying her motion for leave was not lawfully ordered since the document was not signed by a judge or acting judge.  She contends the signature on the entry is not consistent with the handwriting of Judge Dale A. Crawford, as indicated on previous entries of record in the underlying criminal case. Appellant filed her motion for leave on January 28, 2013.  Appellee State of Ohio points out Appellant filed a motion on February 21, 2013, entitled "Motion for Entry on Criminal Rule 33(B) Motion for Leave" in which she stated:

> "In the interest of efficiency regarding the 4th District Court of Appeals consideration of Defendant's pending appeals to which the new evidence referenced in her January 28, 2013 Criminal Rule 33(B) Motion for Leave is relevant, a decision by this Court denying Defendant's motion should be forthwith, so that Defendant is able to appeal the same without delay while referencing the related outstanding appeals in this case."

{¶ 12}  Appellee suggests Appellant has invited error by requesting that "a decision denying Defendant's motion should be forthwith." Appellant has responded the above language cannot in any way be construed as asking the trial court to deny her motion for leave. The "invited error

doctrine" prohibits a party from taking advantage of an error that she, herself, induced the court to make. *State v. Marcum,* 4th Dist. No. 12CA22, 12CA26, 2013 Ohio-2189, 2013 WL 2368612, ¶ 10, citing *State v. Hicks,* 4th Dist. No. 11CA933, 2012-Ohio-3831, at ¶ 11; *State v. Rizer,* 4th Dist. No. 10CA3, 2011-Ohio-5702, at ¶ 27.

{¶ 13} We disagree with Appellant that her request "cannot in any way be construed" as requesting her motion be denied. Appellee's argument regarding "invited error" is plausible. However, it is also conceivable that, due to a lack of clear expression, Appellant simply meant to request the court, "in the event it chose to deny her motion," that a decision denying the motion be entered expediently. As such, we will briefly address the merit of her argument regarding the judge's signature.

Crim.R. 25(B) provides, in pertinent part, as follows:

> "If for any reason the judge before whom the defendant has been tried is unable to perform the duties of the court after a verdict or finding of guilt, another judge designated by the administrative judge, or, in the case of a single-judge division, by the Chief Justice of the Supreme Court of Ohio, may perform those duties."

{¶ 14} Appellant maintains only the signature on the entry denying her motion for leave is not consistent with Judge Crawford's previous signatures throughout the underlying case. Appellant advances no additional evidence of irregularity. We acknowledge it is unknown why Judge

Crawford's signature looks different. However, we find, as in *State v. Rye,* 9th Dist. No. 26576, 2013-Ohio-1774, 2013 WL 1850784, ¶ 10, Appellant has failed to "contradict the regularity accorded all judicial proceedings." *State v. Banks,* 9th Dist. No. 25279, 2011-Ohio-1039, 2011 WL 806413, ¶ 52, quoting *State v. Robb*, 88 Ohio St. 3d 59, 87, 723 N.E.2d 1019 (2000). We find, therefore, the trial court did not err with regard to the signature on the entry denying Appellant's motion for leave.

2.  The trial court's failure to make findings regarding "unavoidable delay."

{¶ 15}  In *State v. Ogle*, *supra*,  Appellant argued the trial court erred since it made no finding that she was unavoidably prevented from discovering Woodgeard's  affidavit within the 120-day period prescribed by Crim.R. 33(B).  [3] Here, Appellant again argues the trial court erred in denying her motion by failing to make a finding of unavoidable delay. With Appellant's January 28, 2013, Crim.R. 33(B) motion for leave, she attached a copy of her new evidence: (1) Deputy Trent Woodgeard's deposition testimony in the federal court case, and (2) the information regarding former Sgt. Groves' employment with the Hocking County Sheriff's Department. Appellant argued Woodgeard's testimony

---

[3] In the consolidated appeal, Ogle had argued in her Crim.R. 33(B) motions she was requesting leave pursuant to the rule and the trial court erred by failing to follow the two-step process set forth therein.

contradicted itself and demonstrates he lied at her criminal trial. She also

argued the information currently known about Groves is relevant to show he

also perjured himself in her trial and suggests the assault charge he wrote, as

basis for the indictment against her, must also be false.

Crim.R. 33, new trial, provides as follows:

(A) Grounds.  A new trial may be granted on motion of the
defendant for any of the following causes affecting materially
his substantial rights:
* * *
(6)  When new evidence material to the defense is discovered,
which the defendant could not with reasonable diligence have
discovered and produced at the trial.  When a motion for new
trial is made upon the ground of newly discovered evidence, the
defendant must produce at the hearing on the motion, in support
thereof, the affidavits of the witnesses by whom such evidence
is expected to be given, and if time is required by the defendant
to procure such affidavits, the court may postpone the hearing
of the motion for such length of time as is reasonable under all
the circumstances of the case. The prosecuting attorney may
produce affidavits or other evidence to impeach the affidavits of
such witnesses.

Crim.R. 33(B) imposes the following requirements for the filing of a motion

for new trial as follows:

Motion for new trial; form time.  Application for a new trial
shall be made by motion which, except for the cause of newly
discovered evidence, shall be filed within fourteen days after
the verdict was rendered, or the decision of the court where trial
by jury has been waived, unless it is made to appear by clear
and convincing proof that the defendant was unavoidably
prevented from filing his motion for a new trial, in which case
the motion shall be filed within seven days from the order of

the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶ 16} In the opinion pursuant to Appellant's consolidated appeal, we cited *State v. Valentine,* 11th Dist. No. 2002-P-0052, 2003-Ohio-2838, 2003 WL 21267813, and *State v. Anderson, supra.* In *Valentine,* the trial court summarily overruled appellant's delayed motion for new trial. Valentine failed to offer any explanation as to why he was unavoidably delayed from discovering the proffered evidence. On appeal, Valentine argued the trial court had a duty to first determine if he was unavoidably prevented from discovering the new evidence within the 120-day time frame. The appellate court concluded it would have been better practice to clearly state the basis for overruling the motion, but under the facts, the trial court did not abuse its discretion.

{¶ 17} In *Anderson*, *supra*, the trial court denied appellant's motion for leave for the reasons that (1) the evidence was not "newly discovered"

and, (2) the motion was not timely.  The trial court did not issue an order stating that appellant had been unavoidably prevented from timely filing a motion for new trial.  The appellate court, as in *Valentine,* concluded under the facts of the case, the trial court did not abuse its discretion by its implicit findings and, further,  did not abuse its discretion in refusing to issue an order recognizing appellant had been unavoidably prevented from discovering the evidence at issue within the 120-day time period of Crim.R.33(B).

{¶ 18}  It appears Appellant is focusing on the technical requirements of Crim. R. 33(B), while overlooking the grounds for her motion, as defined in Crim.R. 33(A).  In her motion for leave, Appellant cited *State v. Lanier*, 2nd. Dist. No. 2009CA84, 2010-Ohio-2921, 2010 WL 2546505, arguing the trial court may not consider the merits of a motion for new trial until it makes a finding of unavoidable delay. In *State v. Risden,* 2nd Dist. No. 25234, 2013-Ohio-1823, 2013 WL 1870650, ¶ 14, the appellate court noted:

> "When a defendant attempts to offer new evidence after the 120 –day time limit has passed, the defendant must establish: '(1) that it is new evidence; (2) that he was unavoidably prevented from discovering within the time limit; (3) that it is based on fact; and (4) that the evidence is being proffered in good faith.' *State v. Beavers,* 2nd Dist. No. 22588, 2009-Ohio-5604, ¶ 27, citing 2 Baldwin's Ohio Practice, Section 79:9.  Accordingly, the credibility of the new evidence must be assessed. *Id.* at ¶ 27, citing *State v. Martin*, 2nd Dist. No. 20383, 2005-Ohio-209, ¶16."

{¶ 19} Here, the trial court did not make a finding of unavoidable delay, but we think such a finding unnecessary. We think it is obvious that Appellant could not have discovered the newly discovered information, Woodgeard's deposition and Groves' misconduct, until 2012. However, we find the trial court did not abuse its discretion in denying Appellant's motion for new trial without making the finding of unavoidable delay. Although the trial court's ruling is also silent as to the reason the motion for leave was denied, we find it reasonable that the trial court implicitly considered the new evidence not credible, pursuant to *Risden* and *Beavers*, cited above. Therefore, the trial court did not abuse its discretion when it rendered its decision on the motion for leave without making a finding of unavoidable delay.

{¶ 20} Appellant's newly discovered information does not constitute "newly discovered evidence" pursuant to the grounds for new trial set forth in Crim.R. 33(A). Crim.R. 33(A) (6) provides for a new trial when "new evidence material to the defense" is discovered. We touched on the issue of the credibility of Woodgeard's testimony in the consolidated appeal.[4]

---

[4] In the consolidated appeal, Appellant argued the prosecutor's statement to the jury in closing that "[t]he position the Ogles were taking that Trent came out of the SUV and maced her up by the cruiser" was a fabrication of their testimony. Appellant pointed out at no time did she or her husband testify or suggest that the "macing" took place by the cruiser. She argued it was Woodgeard's testimony only that he pepper-sprayed them between his SUV and their truck. In our resolution of the issue, we noted the trial court properly instructed that opening and closing statements of counsel are not evidence. *Ogle, supra* at 74.

Appellant's "new evidence" is not material to the issue deliberated by the jury, whether or not Appellant committed an assault on a peace officer. The jury heard testimony from both Appellant and Officer Woodgeard. The case can be characterized as of the "he said/she said" variety, and the only other person actually witnessing the events which took place was Appellant's husband. Appellant essentially testified Woodgeard slammed her to the ground and pepper-sprayed her for no reason, and she kicked out in a "reflexive" manner to protect herself. Woodgeard essentially testified that after he told Appellant she was under arrest, she refused to be handcuffed and kicked him in the groin. The exact location where the parties stood while these events transpired was not an issue material to the proceedings.

{¶ 21} Further, the credibility of the witnesses was the province of the jury. A jury sitting as the trier of fact is free to believe all part, or none of the testimony of any witness who appears before it. *State v. Grube,* 987 N.E. 2d 287, citing *State v. Long,* 127 Ohio App. 3d 328,335, 713 N.E. 2d 1 (1998); *State v. Nichols,* 85 Ohio App. 3d 65, 76 619 N.E. 2d 80 (1993). A jury is in the best position to view the witnesses, and to observe witness demeanor, gestures and voice inflections, and to use those observations to weigh credibility. *Grube, supra; Myers v. Garson,* 66 610 N.E. 2d 615,614

N.E. 2d 742 (1993); *Seasons Coal Co. v. Cleveland,* 10 Ohio St. 3d 77, 80, 461 N.E. 2d 1273 (1984). [5]

**{¶ 22}** In this case, the differing deposition testimony of Deputy Woodgeard in the 2012 federal case is not newly discovered evidence of a relevant, material nature. Similarly, we do not find the personnel information regarding former Deputy Kevin Groves' subsequent misconduct and resignation to be newly discovered evidence. The substance of Groves' testimony at trial was that he was working back-up when Woodgeard radioed for assistance. He arrived at the scene and found Woodgeard in distress. Groves ordered that photographs be taken and he took Mr. Ogle's recorded statement.

**{¶ 23}** Appellant's felony conviction for assault on a peace officer followed events which took place in 2009. Woodgeard's federal court deposition and Groves' misconduct (concerning events unrelated to Appellant) occurred in 2012. We construe Appellant's argument as one suggesting Groves' misconduct in 2012 reflects a propensity for and

---

[5] In our resolution of this issue in the consolidated appeal, we stated:
"Moreover, in this matter, both parties acknowledged Woodgeard deployed pepper-spray at Appellant and her husband. The jury heard the testimony of both sides as to where the events before and after the pepper-spraying transpired. Even if the prosecuting attorney did mischaracterize, intentionally or not, the exact location of where the pepper-spraying occurred, again, it is hardly a material fact to these proceedings and as such, does not rise to the level of plain error. In other words, we do not find that Appellant was convicted solely on the prosecutor's characterization or mischaracterization as to where the macing took place." *Id.* at 74.

character of misconduct as relates to his participation in investigating the 2009 assault and in testifying at the 2011 trial. [6] We note Groves was not the accused on trial. His testimony was heard by the jury and it was for the jurors to decide whether or not they found him to be a credible witness.

{¶ 24} Moreover, the tape-recorded statement of Charles Ogle was allowed in, for impeachment purposes, after Ogle testified in a manner contradicting his statements on the recording. Appellant's witness opened the door and allowed the recording to be introduced. After that, Charles Ogle admitted the recording was "true as a whole." Deputy Groves' subsequent misconduct and resignation are not material and relevant to the issue of Appellant's guilt.

{¶ 25} We do not find Appellant's arguments regarding newly discovered evidence herein to be persuasive. Further, we find Woodgeard's 2012 deposition testimony and Groves' misconduct do not consitute newly discovered evidence of a material nature to the defense. As such, we find the trial court did not abuse its discretion in denying Appellant's motion for leave.

**JUDGMENT AFFIRMED.**

---

[6] Evidence of other acts is not admissible for the purpose of proving the accused acted in conformity with that character on a particular occasion. *State v. Dixon,* 4th Dist. No. 09CA3312, 2010-Ohio-5032, 2010 WL 4027749, ¶ 34, citing *State v. Treesh,* 90 Ohio St. 3d 460, 482, 2001-Ohio-4, 739 N.E. 2d 749 (2001); Evid. R. 404.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J. & Abele, J.: Concur in Judgment Only.

For the Court,

BY: _____

Matthew W. McFarland
Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**