[Cite as *Ogle v. Hocking Cty. Pros. Atty.*, 2026-Ohio-1719.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| MELANIE A. OGLE | Case No. 2025-00997PQ |
| Requester | Special Master Sarah Pierce |
| v. | REPORT AND RECOMMENDATION |
| HOCKING COUNTY PROSECUTING ATTORNEY | |
| Respondent | |

{¶1} This matter is before me for a report and recommendation. R.C. 2743.75(F). I recommend that the court (1) enter judgment for requester, (2) order respondent to produce the records retention schedule requested on August 14, 2025, (3) order respondent to reimburse requester's filing fee, (4) order respondent to bear the remaining costs of this case, (5) deny requester's March 16, 2026, motion to bifurcate, and (6) deny respondent's March 23, 2026, motion to dismiss.

### I.    Background

{¶2} In 2009 and 2011, Requester Melanie Ogle and her husband, Charles Ogle, were charged with several criminal violations by the Hocking County Sheriff's Office. These charges were prosecuted by the Hocking County Prosecuting Attorney. *See Req. Evidence, filed Mar. 3, 2026*, p. 14; *id.*, p. 11 ¶ 1; *Ogle v. Hocking Cty. Sheriff*, 2012-Ohio-1768, ¶ 2 (4th Dist.).[1] The criminal convictions were extensively appealed. *See State v. Ogle*, 2013-Ohio-3770, ¶ 1-2 (4th Dist.).

{¶3} In 2010, Charles Ogle filed a federal civil case against several parties, including members of the Hocking County Sheriff's Office. *See Req. Ev.*, p. 16, 291.[2]

---

[1] A copy of this decision was filed by the Prosecutor. *Resp. Brief, filed Feb. 23, 2026*, p. 82.

[2] *Ogles v. Woodgeard*, S.D. Ohio Case No. 2:10-cv-806.

{¶4} In the years since, the Ogles have submitted a number of public records requests to various officials and departments of Hocking County. *See, e.g.*, *Req. Ev.*, p. 11 ¶ 2; *Ogle v. Hocking Cty. Sheriff*, 2012-Ohio-1768, ¶ 3 (4th Dist.); *Resp. Brief, filed Feb. 23, 2026*, p. 110-112.

### A. The June 16, 2025, public records request

{¶5} On June 16, 2025, Requester mailed a letter with three numbered public records requests to Respondent Hocking County Prosecuting Attorney. *Req. Ev.*, p. 9 ¶ 2, 14-16.

{¶6} The first request generally asked for "any and all records in any form" related to four incidents: 1) a September 9, 2009, incident resulting in "disorderly conduct, resisting arrest, and assault" charges against Melanie Ogle in three criminal cases, 2) a September 9, 2009, incident resulting in "disorderly conduct and failure to comply" charges against Charles Ogle in a criminal case; 3) a November 26, 2009, incident resulting in "criminal mischief and obstructing official business" charges against Melanie Ogle in two criminal cases; and 4) a November 25, 2011, incident resulting in "vandalism" charges against Melanie Ogle in a criminal case. *Req. Ev.*, p. 14-16.

{¶7} The second request asked for "[a]ny and all" communication records "in any form" sent to any attorney in any of the Ogles' criminal cases or federal civil case. *Req. Ev.*, p. 14-16.

{¶8} The third request asked for "[a]ny and all records in any form" related to three topics: 1) certain witness testimony provided in the federal civil case; 2) "Hocking County Sheriff Lanny North's presence during the 2015 trial testimony" of a witness in the federal civil case; and 3) "communications to attorney Randale Lambert . . . and Lambert's response . . . to Charles R. Ogle's 2015 request for public records regarding any investigation of" a particular sheriff's deputy. *Req. Ev.*, p. 14-16.

{¶9} By letter dated July 15, 2025, the Prosecutor responded to the three requests. *Req. Ev.*, p. 19-23. The Prosecutor denied each of the requests as overbroad and ambiguous. The Prosecutor also noted that, for many of the requests, any responsive records would be over a decade old and likely not in existence. *Id*. Finally, the Prosecutor attempted to provide records of interest to the Requester and included the records it was able to identify. *Id.*, p. 24-89.

**B. The August 13, 2025, letter**

{¶10} Requester followed up by letter dated August 13, 2025. *Req. Ev.*, p. 90-91. In that letter, Requester made a public records request for the Prosecutor's records retention schedule. *Id.*, p. 90. Requester did not provide any further clarification or narrowing of her June 16, 2025, public records requests. Requester also made a specific request for "copies of the documents I requested on June 16, 2025, for which [the Prosecutor] previously asserted were 'exempt pursuant to §149.43 (A) (1) (g) (h) and (4).'" *Id.*, p. 91.

**C. Procedural history**

{¶11} This matter was referred to mediation. Mediation did not resolve the case, and a schedule was set for both parties to file evidence and memoranda supporting their positions. That schedule has run its course, making this case ripe for decision. *Order Terminating Mediation, entered Feb. 17, 2026.*

**II.   Analysis**

**A. Requester is not entitled to relief on her June 16, 2025, public records request.**

{¶12} A person seeking to compel production of public records through Revised Code 2743.75 must "plead and prove facts showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office or records custodian did not make the record available." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 26. Those facts must be proven by clear and convincing evidence. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246, ¶ 16; *Hicks v. Union Twp.*, 2023-Ohio-874, ¶ 20 (12th Dist.).

{¶13} A public records request is unenforceable if it is too vague or indefinite to be properly acted on by the records holder. *State ex rel. Dehler v. Spatny*, 2010-Ohio-3052, ¶ 18 (11th Dist.). A requester is required to identify the records they seek with reasonable clarity. *State ex rel. Dillery v. Icsman*, 92 Ohio St.3d 312, 314 (2001); *State ex rel. Chasteen v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-1848, ¶ 24 (10th Dist.). Without a reasonably clear public records request, a court cannot issue an order for production of specific responsive records. *Warchol v. Superintendent of Washington Local School Dist.*, 2022-Ohio-3140, ¶ 20, adopted Ct. of Cl. No. 2021-00698PQ (Oct. 4, 2022).

{¶14} For that reason, a public office does not violate the Public Records Act by refusing to produce records in response to an overly broad request. R.C. 149.43(B)(2); *Salemi v. Cleveland Metroparks*, 2014-Ohio-3914, ¶ 26 (8th Dist.). A request is overbroad if it seeks complete duplication of a whole category of records. *State ex rel. Zidonis v. Columbus State Community College*, 2012-Ohio-4228, ¶ 21; *State ex rel. Dehler v. Spatny*, 2010-Ohio-5711, ¶ 3. In contrast, a request is not overbroad if it is bounded by reasonable time limitations, identifies a subject matter, and identifies or is directed towards specific officials. *State ex rel. Kesterson v. Kent State Univ.*, 2018-Ohio-5110, ¶¶ 25, 26; *Rose v. Ohio DOC*, 2023-Ohio-1488, ¶ 25, adopted 2023-Ohio-1856 (Ct. of Cl.).

{¶15} ***First request.*** Requester's first request asks for, essentially, "any and all records in any form" related to four encounters with law enforcement that resulted in criminal charges. Requester provides a list of eleven types of records that she seeks for each incident but does not limit the scope of the request to those items. *Req. Ev.*, p. 14-16. The Prosecutor denied this request, including the list of more specific types of records, as overbroad and ambiguous. *Id.*, p. 19-23.

{¶16} I agree that this request is overbroad and unenforceable. Again, the request asks for "any and all" records that relate to four incidents that occurred in 2009 and 2011. Although "any" and "all" can signal overbreadth in some cases, they are not automatically fatal. Similar requests may be enforced where the requester sets discernable bounds by identifying the subject matter, officials with knowledge of the subject matter, and a relevant time frame. *State ex rel. Morgan v. New Lexington,* 2006-Ohio-6365, ¶ 8, 10, 12, 31-37; *Kesterson*, 2018-Ohio-5110, ¶ 2, 25-26; *State ex rel. Cleveland Assn. of Rescue Employees v. City of Cleveland*, 2022-Ohio-3043, ¶ 2, 13 (8th Dist.).

{¶17} That is not the case here. This request asks for records related to the Ogles' contact with law enforcement during these incidents, as well as any records relating to the subsequent criminal cases and (presumably) the appeals. This request is not limited in time, nor by record custodian. Despite the breadth of this request, the Prosecutor provided records it was able to identify. A public office's voluntary effort to provide some responsive records, notwithstanding denial of the request, is considered favorably in evaluating its response. *Zidonis,* 2012-Ohio-4228, ¶ 39; *Morgan* at ¶ 14; *Patton v. Univ. of Akron*, 2018-Ohio-1555, ¶ 12, adopted Ct. of Cl. No. 2017-00820PQ (Feb. 27, 2018).

{¶18} Requester also does not provide any evidence to indicate that she sought particular, identifiable public records. Requester's husband, Charles Ogle, submits an affidavit stating that he received "altered" digital evidence in response to a 2010 public records request. *See Req. Ev.*, p. 11 ¶ 2-4. Mr. Ogle also recounts Requester's 2012 transfer from the Southeastern Ohio Regional Jail to the Franklin County Corrections Center, and related public records requests. *See Req. Ev.*, p. 11 ¶ 5-9. Requester's remaining evidence consists of filings in the criminal cases and transcripts from the federal civil case. *See Req. Ev.*, p 98-501. This evidence does not clarify Requester's original request, nor direct me to identifiable public records that Requester wants the Prosecutor to produce.

{¶19} ***Second request.*** Requester's second request is not clear but appears to ask for "[a]ny and all records in any form," including communications, sent to any attorney involved in the Ogles' criminal cases or federal civil case. *Req. Ev.*, p. 14-16. This request is similarly overbroad and unenforceable. Again, the request is not bound by a reasonable time limitation. It appears to encompass any email (or other record) created or sent about the Ogles' criminal cases and federal civil case from approximately 2009 to the present. There is no further context, or records custodians, to provide clarity or limitations to this search.

{¶20} ***Third request.*** Requester's third request asks again for "[a]ny and all record in any form" that relate to three topics: 1) certain witness testimony in the federal civil case, 2) the sheriff's presence during the testimony of a particular witness in the federal civil case, and 3) communications to a particular attorney about a 2015 public records request submitted by Charles Ogle. *Req. Ev.*, p. 14-16. Again, of particular note, there is no time limitation on this request. It appears that the Ogles have raised their concerns regarding this witness testimony consistently since the federal civil case in 2010. *See State v. Ogle*, 2013-Ohio-3770, ¶ 6-8 (4th Dist.).[3] The request itself indicates that this issue was the subject of a 2015 public records request. *See Req. Ev.*, p. 16 (request for records regarding investigation after "contradictory facts" in testimony between criminal

---

[3] A copy of this decision was filed by the Prosecutor. *Resp. Br.,* p. 94-109.

cases and federal civil case). It is therefore not clear that the request is limited to records contemporaneous with these events from 2009 through 2011.

{¶21} Requester's evidence also does not point me to identifiable public records that she seeks. Requester submits an affidavit that recounts her observation of the Hocking County Sheriff and another deputy at a 2014 pre-trial settlement conference in the federal civil case. *Req. Ev.*, p. 9 ¶ 3. She also recounts seeing the Sheriff in the courtroom during the trial of that case. *Id.*, p. 9 ¶ 4-5. While it is clear that these events concern Requester, this evidence does not narrow or clarify the scope of her public records request.

{¶22} *Summary.* I therefore recommend that the court find that Requester is not entitled to relief on her June 16, 2025, public records request because the requests are overbroad, unenforceable for that reason, and Requester has not demonstrated that she sought identifiable public records.

### B. Requester is entitled to relief on her August 14, 2025, public records request.

{¶23} In Requester's August 14, 2025, letter, she specifically made a request for the Prosecutor's records retention schedule. *Req. Ev.*, p. 90-91. There is no evidence that this record has been provided. Records retention schedules are required by law and subject to public records release. *See* R.C. 149.43(B)(2). I therefore recommend that the court order production of the record retention schedule.

{¶24} Requester also made a specific request for "copies of the documents I requested on June 16, 2025, for which [the Prosecutor] previously asserted were 'exempt pursuant to §149.43 (A) (1) (g) (h) and (4).'" *Id.*, p. 91. This refers to the Prosecutor's response to five items included in her first public records request. In that request, Requester asked for, (1) any "communications to and from any person or entity, Hocking County Sheriff Lanny North or his deputies, and the Hocking County Board of Commissioners," (2) any "electronic confidential law enforcement investigatory records," (3) any "electronic specific confidential investigatory techniques or procedures or specific investigatory work product records," (4) any "trial preparation records," and (5) "all other handwritten notes, documents and records." *Req. Ev.*, p. 15.

{¶25} The Prosecutor denied each of these requests as overbroad and ambiguous. *Req. Ev.*, p. 20-21. As explained above, I agree. The Prosecutor also noted that, "[t]o the extent a response can be provided" these particular items are "exempt pursuant to [R.C.]149.43 (A)(1)(g) (h) and (4)." *Id.* I do not find that this response indicates that the Prosecutor withheld records pursuant to these public records exceptions. Instead, it appears that the Prosecutor was notifying the Requester that, if it were able to identify responsive records, those records would be subject to these public records exceptions.

{¶26} I therefore recommend that the court find that Requester is not entitled to any further production in response to this August 14, 2025, request.

### C. Requester's motion to bifurcate should be denied.

{¶27} On March 16, 2026, Requester filed a motion to bifurcate argument. *See Req. Motion, filed Mar. 16, 2026*. Requester asks the court to "stay[] the requirement for Requester to argue the current existence of specific records. . . until such time as the Respondent produces 'the records retention schedule'." *Id.*, p. 1. Requester argues that her "ability to present any meaningful analysis and argument regarding Respondent's reliance on 'the records retention schedule'" "has been effectively precluded by Respondent's refusal to produce [that] document." *Id.*, p. 3.

{¶28} First, it is well-settled that a trial court is permitted to control its docket and the orderly progression of its cases. *See Nigh Law Grp. LLC v. Pond Fam. Med. Ctr.*, 2022-Ohio-2036, ¶ 24 (10th Dist.); *Jackson v. Glidden Co.*, 98 Ohio App.3d 100, 103 (8th Dist. 1994). I do not find that a stay of the current case schedule is necessary for resolution of this case. As noted above, the Prosecutor denied each of Requester's June 16, 2025, public records requests as overly broad and ambiguous. The Prosecutor noted the potential age of the requested records, but did not deny access on that basis, or assert that responsive records had been destroyed. The addition of the records retention schedule to the evidence in this case would not change the analysis.

{¶29} Second, in this special statutory process, only those motions specifically authorized by the special master are considered. R.C. 2743.75(E)(2). This is an independent basis for denying Requester's motion to bifurcate.

{¶30} I therefore recommend that the court deny Requester's March 16, 2026, motion to bifurcate.

**D. Respondent's March 26, 2026, motion to dismiss should be denied.**

{¶31} On March 26, 2026, the Prosecutor filed a Civil Rule 12(B)(6) motion to dismiss. *See Resp. Motion to Dismiss, filed Mar. 26, 2026*. This motion was not timely under the case schedule. *See Order Terminating Mediation, entered Feb. 17, 2026*. Again, only those motions directed by the special master are permitted in these proceedings. R.C. 2743.75(E)(2). The content of the motion to dismiss is not considered in this report and recommendation, and I recommend that the court deny the motion.

**E. Costs.**

{¶32} Revised Code 2743.75(F)(3)(b) provides that the court shall award a requester their filing fee and "any other costs associated with the action" if it finds a violation of the Public Records Act. Because I find a violation of the Public Records Act, I recommend that the court order the Prosecutor to reimburse Requester's filing fee and bear the remaining costs of this case.

**III. Conclusion**

{¶33} Based on the above considerations, I recommend that the court:

1) Enter judgment for requester;

2) Order respondent to produce the records retention schedule requested on August 14, 2025;

3) Order respondent to reimburse requester's filing fee;

4) Order respondent to bear the remaining costs of this case;

5) Deny requester's March 16, 2026, motion to bifurcate; and

6) Deny respondent's March 23, 2026, motion to dismiss.

{¶34} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

SARAH PIERCE
Special Master

**Filed April 10, 2026**
  **Sent to S.C. Reporter 5/11/26**